(80 Misc. Rep. 85.)

## HALL v. SMITH.

(Supreme Court, Special Term, Kings County. March 11, 1913.)

1. HUSBAND AND WIFE (§ 325*)—ALIENATION OF AFFECTIONS—RIGHT OF ACTION BY WIFE.

A wife can now maintain an action for the alienation of her husband's affections, and for the consequent loss of consortium.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1119; Dec. Dig. § 325.*]

2. INJUNCTION (§ 136*)—ALIENATION OF AFFECTIONS—RIGHT TO WRIT.

In an action for alienation of affections of plaintiff's husband, the court may enjoin the defendant pendente lite from the continuance of those acts which lie at the foundation of the cause of action.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306; Dec. Dig. § 136.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. INJUNCTION (§ 137*)—ESSENTIALS—CIVIL RIGHTS.

Injunctions do not issue to prevent acts merely because they are immoral or illegal or criminal, but only where civil rights are invaded; and hence, in a suit for alienation of affections, where the plaintiff does not sue for over six years after her husband had left her, and does not explain the delay, if her suit is not actually barred by limitations, she is at least guilty of such laches that an injunction will not issue, at least until her prospect of final success is somewhat assured, especially in the face of an affidavit of the husband that he had no affection for plaintiff at the time he met defendant.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 307–309; Dec. Dig. § 137.*]

4. LIMITATION OF ACTIONS (§ 55*)—ACCRUAL—ALIENATION OF AFFECTIONS.

The cause of action for alienation of affections arises from the enticement of the spouse away; and where the spouse does not return, but remains with the enticer, and there is no new enticement, the cause of action is barred by limitations after six years from the enticement.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 299–306; Dec. Dig. § 55.*]

5. HUSBAND AND WIFE (§ 326*)—ALIENATION OF AFFECTIONS—ESSENTIALS.

In an action by a wife for alienation of affections, she could not recover if it appear that the husband had no affection for plaintiff at the time of the abandonment, or that it had been alienated by other causes.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1120; Dec. Dig. § 326.*]

Action by Ella Hall against Emma S. Smith. Motion for a temporary injunction to restrain the further alienation by the defendant of the affections of plaintiff's husband. Motion denied.

James P. Kohler, of Brooklyn, for the motion.
George S. Scofield, of New York City, opposed.

BENEDICT, J. This is a motion for a temporary injunction in an action brought by the plaintiff, a wife, against the defendant, a woman, who is charged with having enticed away or alienated from the plaintiff the love and affection of her husband, whereby the plaintiff has been deprived of the society of her husband ever since the time when he first met the defendant on or about the 1st day of July, 1906.

[1] Although at common law it was said that the wife could not maintain an action for the alienation of her husband's affections, or for the consequent loss of consortium, because, among other things, of the wife's lack of any property right in the affections and companionship of her husband, and her incapacity to sue without joining her husband with her (Van Arnam v. Ayers, 67 Barb. 544, and cases therein cited), yet the principles of the common law have been in this as well as in other respects affecting the marital relations and the relative rights of husband and wife abrogated by the innovating spirit of modern legislation, as Judge Hardin in the case cited seemed to anticipate might happen; and it has become settled law by competent authority in the courts of this and of many other states that a wife may sue for the alienation of the affections of her husband and the consequent loss of consortium. Bennett v. Bennett, 116 N. Y. 584, 23 N. E. 17, 6 L. R. A. 553; Kuhn v. Hemmann, 43 App. Div. 108, 59 N. Y. Supp. 341;

Romaine v. Decker, 11 App. Div. 20, 43 N. Y. Supp. 79; Jaynes v. Jaynes, 39 Hun, 40; Churchill v. Lewis, 17 Abb. N. C. 226; Warner v. Miller, 17 Abb. N. C. 221; Baker v. Baker, 16 Abb. N. C. 293; Breiman v. Paasch, 7 Abb. N. C. 249. For cases in other jurisdictions, see note in 21 Cyc. 1618.

[2] The motion which has been made in this action requires the determination of the question whether in such an action an injunction order may, and should be, made to restrain the defendant pendente lite from the continuance of those acts which lie at the foundation of the cause of action. While the question is most unusual in respect of the power of the court to grant such relief, I have no doubt whatever that in a proper case the right to grant such an injunction resides in the court of equity, and that it is not unduly extending the jurisdiction or cognizance of the court to restrain the impending, threatened or continued commission of such acts as are violative of the rights of a plaintiff in a suit of this character. Indeed, an authority bearing directly upon the proposition has been cited to me by the counsel for the plaintiff. It is Ex parte Warfield, a Texas case reported in 40 Tex. Cr. R. 413, 50 S. W. 933, 76 Am. St. Rep. 724, where, after an exhaustive and discriminating examination of the cases bearing upon the subject, the court, per Henderson, J., sustained the right to the injunction. Assuming for the purpose of the argument that this right exists, should the court exercise it in the present case for the benefit of this plaintiff?

[3] Rules of general application in cases of injunctions of a temporary character are applicable to this case. The plaintiff must show, not only the existence of a legal right, but must affirmatively show that the acts sought to be restrained will be a violation of it. Injunctions do not issue to prevent acts merely because they are immoral or illegal or criminal, but only in case the plaintiff's civil rights are being invaded. In this case the gravamen of the charge made by the plaintiff is an act which occurred in or about July, 1906. It is alleged as being at that time a completed act of alienation "since which date her husband has not lived with or shown any love or affection to the plaintiff herein but has lived with and continues to live with the said defendant; that he has refused to come back to the plaintiff," etc. The present suit was not begun, according to the affidavits submitted on this motion, until the 17th day of February, 1913, more than six years subsequent to the act of alienation charged against the defendant.

[4] This fact raises a question not presented by counsel, to wit: Is the action maintainable after the lapse of six years from the date of the alleged alienation? It was held in Hogan v. Wolf, 10 N. Y. Supp. 896, that the cause of action in a suit of this nature was barred at the expiration of six years. Presiding Justice Van Brunt, with whom Daniels and Brady, JJ., concurred, said:

"The ground upon which the plaintiff seeks to avoid the statute of limitation is that her rights are similar to those of the owner of land upon which a continuing nuisance is maintained, and a cause of action is renewed each day as long as the nuisance causing the damage continues. I think that it would be difficult to assimilate actions for personal injuries to actions for trespass upon lands. In the one all the damages suffered or to be suffered can and must be recovered in one action; in the other, future

damages cannot be recovered. In a case similar to the one at bar, if a recovery is once had, without showing that a new cause of action has arisen, no new action can be maintained. The cause of action arises from the enticement, and without any new enticement no new cause of action arises. In the case at bar but one enticement is alleged. A cause of action then arose, and should have been enforced within six years. As now no cause of action can be maintained because of that enticement, and no new one is alleged, the subsequent injuries resulting from that enticement cannot revive the right to sue."

But, even if the cause of action itself were to be considered as not being barred in the present case, the plaintiff by failing for so long a period to seek the peculiar relief which she now asks has, I think, waived her right to the intervention of this court on her behalf pending the suit. Her laches are wholly unexplained, no excuse of any sort is offered to the court for this long delay, and, while no arbitrary rule exists for determining what constitutes laches, the peculiar circumstances in this case lead me to hesitate to employ the equitable powers of this court at the present stage, or unless or until the plaintiff's prospect of final success in the action seems more assured than it now does.

[5] The husband of the plaintiff submits an affidavit on behalf of the defendant in the course of which he avers unhesitatingly that, when he stopped living with her, his "feeling towards her was such that there was no affection left that any one could possibly alienate from her." If this be shown on the trial to have been the fact, the difficulties in the way of the plaintiff would seem to be well-nigh insuperable in view of the decision of the Court of Appeals in Servis v. Servis, 172 N. Y. 438, 65 N. E. 270. If the plaintiff shall, nevertheless, ultimately succeed in this action, the arm of this court will not be shortened that it cannot be stretched out to protect her and to reach and punish the defendant.

Motion denied, but without costs.