## STARK *v.* HAMILTON.

1. Where a man has debauched a minor girl and induced her to abandon her parental abode and live with him in a state of adultery and fornication, and persists in a continuance of such conduct, equity will afford a remedy by injunction, and to that end, in a suit by the father, will enjoin the man from associating and communicating with the girl, either by writing, telephoning, or telegraphing, personally or through the aid or agency of any other person.

2. Under the pleadings and the evidence in this case, the judge did not err in granting a temporary injunction.

No. 1267. JULY 16, 1919.

Injunction. Before Judge Tarver. Whitfield superior court. November 2, 1918.

*C. D. McCutchen, F. K. McCutchen, R. R. Arnold,* and *A. H. Davis,* for plaintiff in error.

*F. W. Copeland, Harris & Harris,* and *G. G. Glenn,* contra.

ATKINSON, J. 1. The controlling question in this case is, where a man has debauched a minor girl and induced her to abandon her parental abode and live with him in a state of adultery and fornication, and persists in a continuance of such conduct, will equity afford the father of the girl a remedy by injunction, and to that end enjoin the man from associating with the girl and from communcating with her in any way, either by writing, telephoning, telegraphing, or through the aid and agency of any other person? The following excerpts from the Civil Code have the force and effect of statutes:

§ 5490. "Equity, by a writ of injunction, may restrain proceedings in another or the same court, or a threatened or existing tort, or any other act of a private individual or corporation which is illegal or contrary to equity and good conscience, and for which no adequate remedy is provided at law."

§ 4538. "Equity will not take cognizance of a plain legal right, where an adequate and complete remedy is provided by law; but a mere privilege to a party to sue at law, or the existence of a common-law remedy not as complete or effectual as the equitable relief, shall not deprive equity of jurisdiction."

§ 4519. "Equity jurisdiction is established and allowed for the protection and relief of parties, where, from any peculiar circumstances, the operation of the general rules of law would be deficient in protecting from anticipated wrong, or relieving for injuries done."

§ 3020. "Until majority, it is the duty of the father to provide for the maintenance, protection, and education of his child."

§ 3025. "Parents and children may mutually protect each other, and justify the defense of the person or reputation of each other."

In Clark on Equity, § 241, it is said: "When the act of the defendant has consisted of interfering with domestic relations, equitable relief has rarely been given unless a property right was involved." See also, Bispham's Equity, 738. In *Lyon* v. *Lyon,*

102 *Ga.* 453 (31 S. E. 34, 42 L. R. A. 194, 66 Am. St. R. 189), it was held: "An injunction will, in a meritorious case, lie at the instance of a wife who is suing her husband for a divorce on the grounds of cruel treatment and habitual intoxication, to restrain him not only from interfering with her property, but also from going into her dwelling-house and eating and sleeping therein over her protest and against her consent." In the course of the opinion it was said: "While courts of equity are reluctant to interpose in controversies growing out of merely personal or domestic relations, and will ordinarily leave the parties to pursue the remedies open to them in the courts of common law, still when 'property rights or questions concerning property arise between husband and wife, parent and child, [or] guardian and ward,' jurisdiction will be taken, in a proper case, in order that full and adequate relief may be granted to the injured party." In Vanderbilt *v.* Mitchell, 72 N. J. Eq. 910, 919 (67 Atl. 97, 14 L. R. A. (N. S.) 304), it was said: "If it appeared in this case that only the complainant's status and personal rights were thus threatened or thus invaded by the action of the defendants and by the filing of the false certificate, we should hold, and without hesitation, that an individual has rights, other than property rights, which he can enforce in a court of equity and which a court of equity will enforce against invasion, and we should declare that the complainant was entitled to relief." The above case involved the infringement of both personal rights and property rights; but inasmuch as it involved personal and property rights, the court put the grant of injunction upon "technical" property rights.

In an article on injuries to personalty, in 29 Harvard Law Review, 668, there is an elaborate discussion and able review of cases on the subject. Among the cases cited is Ex parte Warfield, 40 Tex. Crim. 413 (50 S. W. 933, 76 Am. St. R. 724). In that case it was held that injunction at the instance of a husband (plaintiff) would issue against the defendant, who was alleged to have partially alienated the affections of plaintiff's wife, to restrain him from visiting or associating with her, going to or near her at a certain house, or interfering with plaintiff's attempts to communicate with her. In the course of the opinion, it was said: "Now, recurring to the subject-matter of this litigation, as set forth in plaintiff's petition, we think there can be no question that appellant

sets forth a cause of action for the partial alienation of his wife's affections. The marital relation existing between these parties was a civil contract, binding, until it should be abrogated, upon both of the spouses. 'He is entitled to the society of his wife, and may sue for damages any person enticing her away from him; and, whenever a wife is not justified in abandoning her husband, he who knowingly and intentionally assists her in thus violating her duty is guilty of a wrong for which an action will lie.' See 2 Lawson, Rem. & Prac. § 714. 'It is a legal presumption that a wife's services and the comfort of her society are fully equivalent to any obligations which the law imposes upon her husband because of the marital relation, and her obligation to render family service is coextensive with that of her husband to support her in the family.' Id. § 715; Schouler's Dom. Rel. § 41; Bennett *v.* Smith, 21 Barb. 439; Barnes *v.* Allen, 30 Barb. 663. A husband, from time immemorial, has an interest in the services of his wife, springing from the marital relation. In this State, suits for personal injuries to her must be maintained by the husband, predicated upon this idea. The suit here was brought for damages on an alleged partial alienation of the affections of his wife, and it was averred that on account of the past conduct of the defendant in that suit, plaintiff was apprehensive, and had just grounds to fear, that by a continuance thereof the wife's affections would be entirely alienated. There would consequently be a breach and destruction of the matrimonial contract existing between the parties, by which plaintiff would entirely lose the affections and services of his said wife. These, it must be conceded, were of a peculiar value to plaintiff; and it would seem that, if the court had the power to maintain this suit for damages on account of a partial alienation of the affections of his said wife, he would have the right to invoke the restraining power of a court of equity to prevent the utter alienation of his wife's affections and the utter destruction of the marital agreement."

The case under consideration differs on its facts from any case heretofore decided by this court and from any of the cases cited from other States. It in a sense involves both personal and property rights. The father has the right, under the statutes of this State, to protect his minor child, to be protected by her, and to have her reside in his home and with his family to enjoy the com-

fort of her association and the advantage of her services. It is his moral and legal duty to support her in sickness and in health. Reformation of a wayward daughter is always possible, and her father has the legal and moral right to make the effort to save her, and in some measure lessen the reproach to his name and to the reputation of his family. It is difficult to understand why injunctive protection of a mere property right should be placed above similar protection from the continual humiliation of the father and the reputation of the family. In some instances the former may be adequately compensated in damages, but the latter is irreparable; for no mere money consideration could restore the good name and reputation of the family, or palliate the humiliation of the father for the continual debauching of his daughter. Under the pleadings and the evidence the interlocutory injunction was properly granted.

*Judgment affirmed. All the Justices concur.*