# Reed v. Carter.

(Decided March 23, 1937.)

BELL & STEVENSON, C. C. BAGBY and EMMET PURYEAR for appellant.

CHARLES T. CORN, I. C. JAMES and NELSON D. RODES for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is a novel case involving an unfortunate family altercation. Miss Nell Reed has appealed from a judgment of the Mercer circuit court enjoining her from annoying or molesting the appellee, Mrs. Mattie Reed Carter, when the latter visits her mother, with whom appellant resides.

The appellant and appellee are sisters, and the daughters of Mrs. Mattie Reed, who is more than ninety years of age. The appellant and her mother reside in the village of McAfee in a house jointly owned by them. The appellee and her husband also live in McAfee. Prior to September 17, 1935, Miss Reed and Mrs. Carter and their brother, Thomas P. Reed, who lives with his mother and sister, were engaged in certain litigation, the exact nature of which does not appear. On that day they entered into the following contract settling all of the pending litigation:

"This agreement made and entered into this the 17th day of September, 1935, by and between V. B. Carter and his wife, Mattie Reed Carter, parties of the first part, and T. P. Reed and Miss Nell Reed, parties of the second part;

"Witnesseth: That whereas first and second parties now have certain litigations pending in the Mercer Circuit Court, and whereas, for and in consideration of the terms and conditions, agreements, and covenants as are hereinafter set out, it is agreed between all of the parties that all of said suits are to be dismissed, and matters complained of in said suits are forever settled. Each of the parties are to pay their respective costs incurred in said litigation.

"First. T. P. Reed and Miss Nell Reed do hereby agree that Mrs. Mattie Reed Carter is to have the privilege of visiting Mrs. Mattie A. Reed at any time the said Mrs. Carter shall see fit, so long as the said Mrs. Mattie A. Reed may live. It is mutually agreed that Mrs. Carter and her husband are not to annoy, or molest, T. P. Reed and Nell Reed in any manner whatever. It is also mutually agreed that Miss Nell Reed and T. P. Reed are not to annoy or molest Mrs. Mattie Reed Carter or husband V. B. Carter, in any manner whatever. Whereas, Mrs. Mattie A. Reed has been

placed on a diet by her physician and Miss Nell Reed is attending to the feeding of Mrs. Reed; it is agreed that Mrs. Carter shall not take Mrs. Reed anything to eat.

"Second. V. B. Carter agrees to wreck, within thirty days, the building called a toilet on the lot he now has leased from Mattie A. Reed and Nell Reed. V. B. Carter, if he so desires, is to rebuild or erect, on said lot, a sanitary toilet that will pass inspection of the State Board of Health. The said toilet is to be kept locked, but V. B. Carter shall be allowed to permit his friends to use the same.

"Third. T. P. Reed and Miss Nell Reed are not to interfere with V. B. Carter's use of his leased lot or other property; said property is to be used by both parties as set out in the original lease agreement, between V. B. Carter and Mrs. Mattie A. Reed and Miss Nell Reed.

"Fourth. Neither party shall go on the property or leased property in the possession of the other, except that either party shall have the right to go upon the property of the other to get any of their personal property or stock which may be or get thereon."

A few days thereafter, Mrs. Carter brought this action against Miss Reed for a breach of the contract, and, in her petition, alleged that the defendant had molested and annoyed her when visiting her mother, and had prevented her from conversing with her mother, and asked for an injunction.

The appellant insists that the judgment undertakes to invade a private home and to regulate the lives and conduct of persons not before the court and not subject to its jurisdiction and control. The argument is made upon the theory that the rights of Mrs. Mattie Reed, the mother, are affected, but her rights are not restricted in any respect by the judgment. If she is annoyed by appellee's visits and wishes them discontinued, her liberty of action is unfettered. The sole question presented by the record involves the right of appellee to visit her mother in the latter's home without molestation by third parties. She undoubtedly has that right as long as her mother desires to see her and

does not forbid her from entering upon the premises, and, under the facts of this case, it is a right which a court of equity ought to and will protect from interference by others.

As a general rule, equitable remedies deal with property rights rather than with personal rights and obligations, and at one time the rule was broadly stated that equity will not interfere to enforce a strictly personal right where no property right is involved, but that rule has been greatly relaxed and many cases can be found where a court of equity has assumed jurisdiction to protect purely personal rights from invasion. Vanderbilt v. Mitchell, 72 N. J. Eq. 910, 67 A. 97, 14 L. R. A. (N. S.) 304; Stark v. Hamilton, 149 Ga. 227, 99 S. E. 861, 5 A. L. R. 1041; Ex parte Warfield, 40 Tex. Cr. R. 413, 50 S. W. 933, 76 Am. St. Rep. 724; In re Badger, 286 Mo. 139, 226 S. W. 936, 14 A. L. R. 286; 10 R. C. L. 339. But, even if some property right is requisite to equity jurisdiction, this element is not wholly lacking in the present case. Appellant and appellee entered into a written contract in which the former agreed that appellee should have the right to visit her mother in the home jointly owned by appellant and Mrs. Mattie Reed, without molestation by appellant, in consideration of the settlement of certain litigation which was then pending. The natural right of appellee to visit her mother was fortified by a written contract executed for a valuable consideration. It would be impossible to measure in terms of money the damages growing out of a violation of the contract, and we think the circuit court properly asserted jurisdiction to prevent its breach.

It is contended that the judgment is not sustained by the evidence even if it is authorized by the pleadings. The evidence as to what occurred during appellee's visit to her mother after the contract was executed is in sharp conflict, and it cannot be said the chancellor erred in finding that appellant had breached its terms.

The judgment is affirmed.

The whole court sitting.