103 So.2d 336

**Mrs. Norvell LATHAM**

v.

**Mrs. Elfrieda R. KARGER.**

**6 Div. 223.**

Supreme Court of Alabama.

May 29, 1958.

Sirote, Permutt, Friend & Friedman, Birmingham, for appellant.

Crampton Harris and Geo. S. Brown, Birmingham, for appellee.

MERRILL, Justice.

Appeal from a decree overruling demurrer to the bill of complaint of Mrs. Karger, which seeks to have appellant enjoined

from alienating or attempting to alienate the affections of Robert F. Karger for his wife, and to have her enjoined from visiting or associating with Karger, and from accepting, receiving or retaining any gifts or favors from Karger.

The lower court followed our case of Henley v. Rockett, 243 Ala. 172, 8 So.2d 852, where it was said:

"Touching jurisdiction in equity certain well-known rights come into view. Marriage is contractual, a covenant relation, resulting in the marital union in which each spouse has the unquestioned right to all the fealties on the part of the other, known as consortium.

"In Woodson v. Bailey, 210 Ala. 568, 98 So. 809, 810, an action for damages at law for the alienation of affections, it was said: 'These rights have been defined in this form of action to include the person, affection, society, and assistance. The terms "service," "aid," "fellowship," "companionship," "company," "co-operation," and "comfort" have also been employed in defining those mutual and special rights growing out of the marriage covenant. The loss of consortium is the loss of any or all these rights. 12 C.J. 532 [15 C.J.S. p. 993]; 30 C.J. 1123, § 977 [42 C.J.S. Husband and Wife § 664]; 2 Words and Phrases, First Series, 1453 [8A Words and Phrases, Consortium]; 13 R.C.L. 507.'

"It is now well settled here and elsewhere that injunctive relief is not limited to the protection of property rights, but extends to the protection of personal rights in many fields where no adequate remedy at law is available. Indeed, it may be truly said the protection of property rights derives from the value of property to the owner, supplying the means, the comforts, and many of the incidents of a fuller life. Try-Me Bottling Co. v. State, 235 Ala. 207, 178 So. 231; State v. Ellis, 201 Ala. 295, 78 So. 71, L.R.A.1918D, 816; 14 A.L.R. 295.

"On these premises it has been held that the hand of the court of equity may be extended to prevent an intrusion of a third person into family affairs, destructive of the consortium between spouses.

"'One spouse may enjoin a third person from alienating the affections of the other spouse in a proper case.' 27 Am.Jur. 121, § 520.

"This text is supported by Hall v. Smith, 80 Misc. 85, 140 N.Y.S. 796; Ex parte Warfield, 40 Tex.Cr.R. 413, 50 S.W. 933, 76 Am.St.Rep. 724; Smith v. Womack, Tex.Civ.App., 271 S.W. 209; Stark v. Hamilton, 149 Ga. 227, 99 S.E. 861, 5 A.L.R. 1041; Annotation 108 A.L.R. 429."

Appellant's main insistence is that the Henley case, which permits a wife to enjoin another woman from alienating her husband's affections, is unsound. We are not convinced that the decision of the Henley case should be overturned.

■ It is also argued that appellee is guilty of laches because she waited three years to file her bill. Appellee and her husband have been married over forty years, and the bill alleges that Karger became acquainted with appellant in February, 1954, and that Karger no longer manifests affection for appellee nor interest in their married life. We do not think the fact that the appellee did not file her bill until August, 1957, some three and one-half years after Karger met appellant, bars the suit because of laches.

■ Finally, appellant argues that the appellee "has not alleged facts sufficient to show that appellant was or is alienating the affections of appellee's husband." It is only necessary to allege facts, not evidence or conclusions. Frederick v. Hartley, 202 Ala. 43, 79 So. 381. We think the allegations of the bill are adequate to meet appellant's objections.

It follows that the decree of the lower court should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.