Kerman Dwight STEVENSON,
Petitioner,

v.

Hon. Laurence E. HIGGINS, Judge,
Jefferson Circuit Court, Division
13, Hall of Justice, Respondent.

Court of Appeals of Kentucky.

July 17, 1981.

Robert P. Hastings, Louisville, for petitioner.

Steven L. Beshear, Atty. Gen., R. Thomas Carter, Asst. Atty. Gen., Frankfort, for respondent.

### OPINION AND ORDER DENYING PETITION FOR WRIT OF PROHIBITION

Before VANCE, McDONALD and WILHOIT, JJ.

VANCE, Judge.

Petitioner requests that this Court enter a writ of prohibition against the respondent, the Honorable Laurence E. Higgins, Judge of the Jefferson Circuit Court, Thirteenth Division, in the grounds that the respondent acted without authority when he entered an order depriving the petitioner of his use and enjoyment of real property held by him jointly with his wife who is the petitioner in a contested divorce case.

Judge Higgins ordered the petitioner herein to remove himself from his jointly-owned property located at 103 Southview Terrace on or about Friday, March 20, 1981, at 6:00 p. m.

The basis of the trial court's removal of the petitioner was on the trial court's finding that there has been physical and emotional abuse resulting from the parties living under the same roof.

The petitioner herein contends that the trial court has no authority or jurisdiction to implement such an order which necessitated his application to this Court for a writ of prohibition.

This petition for a writ of prohibition is being denied on the grounds that the

order falls within the equity jurisdiction of the circuit court. Although matters concerning domestic relations are statutory, the legislature has not deprived the courts dealing with these matters of full equity powers and jurisdiction. *Strunk v. Strunk*, Ky., 445 S.W.2d 145 (1969). While equitable remedies generally deal with property rights rather than personal rights, the jurisdiction of the court is plenary to afford whatever relief may be necessary to protect the parties' interests. There is authority under *Reed v. Carter*, 268 Ky. 1, 103 S.W.2d 663 (1937) for the circuit court to enter an injunction involving a private home and the conduct of its residents.

■ Furthermore, there is a legal authority for the jurisdiction of the circuit court to enter whatever orders are necessary to protect the parties under KRS 403.710.

The granting of this relief does not divest the petitioner of title to the property. The circuit court properly asserted jurisdiction in the matter.