**UNITED STATES, Appellee**

v.

**Sergeant Eugene CARUTHERS, 426–11–8333, United States Army, Appellant.**

**ACMR 9200959.**

U.S. Army Court of Military Review.

11 Aug. 1993.

For Appellant: Major Robin L. Hall, JAGC, Captain Robert H. Pope, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major Joseph C. Swetnam, JAGC, Major James L. Pohl, JAGC, Major Kenneth T. Grant, JAGC, Captain R.W. Clark, JAGC (on brief).

Before De GIULIO, GONZALES, and PLACKE, Appellate Military Judges.

## OPINION OF THE COURT

PLACKE, Judge: [1]

Pursuant to his pleas, the appellant was convicted by a general court-martial composed of officer and enlisted members of willful disobedience of an order, seven assaults consummated by a battery, two burglaries, and two kidnappings in violation of Articles 90, 128, 129 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 928, 929 and 934 (1988) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for five years, total forfeiture of all pay and allowances, and reduction to Private E1. The sentence was approved by the convening authority.

In addition to the assigned errors raised by the appellant, this court specified the following issues:

### I.

WHETHER THE MILITARY JUDGE ESTABLISHED A SUFFICIENT FACTUAL PREDICATE FOR APPELLANT'S PLEA OF GUILTY OF BURGLARY, SPECIFICATION 2 OF CHARGE III, IN LIGHT OF APPELLANT'S STATEMENT THAT HE PAID A PORTION OF THE RENT ON THE DWELLING ALLEGED IN THE BURGLARY OFFENSE.

### II.

WHETHER THE MILITARY JUDGE ESTABLISHED A SUFFICIENT FACTUAL PREDICATE FOR APPELLANT'S PLEA OF GUILTY OF BURGLARY, SPECIFICATION 2 OF CHARGE III, WHEN THE APPELLANT DID NOT ADMIT THAT HE ENTERED WITH THE INTENT TO COMMIT AN OFFENSE UNDER ARTICLES 118–128, UCMJ.

### III.

WHETHER THE MILITARY JUDGE ESTABLISHED A SUFFICIENT FACTUAL PREDICATE FOR APPELLANT'S PLEA OF GUILTY OF KIDNAPPING, SPECIFICATIONS 1 AND 3

OF CHARGE IV, WHEN APPELLANT'S ASPORTATION OF THE VICTIM WAS INCIDENTAL TO THE OTHER CRIMES COMMITTED. *SEE UNITED STATES V. JEFFRESS*, 28 M.J. 409 (C.M.A.1989); *CF. UNITED STATES V. BROUSSARD*, 35 M.J. 665 (A.C.M.R. 1992).

### SPECIFIED ISSUES I AND II—BURGLARY

The appellant was charged with the burglary of the dwelling house of Sergeant Evanda Caruthers in Wilmington, Delaware, on 13 October 1991. Sergeant Caruthers was the appellant's wife. During the providency inquiry, the appellant related that he and Evanda Caruthers were married on 22 April 1982. In June 1991, the parties voluntarily separated. The matrimonial domicile and marital home was located in Wilmington, Delaware. At the time of the offense, the appellant was living in a room at the hospital on Fort Dix, New Jersey. He had removed all of his personal belongings from the marital home. The record is silent as to the named lessee on the lease agreement for the home.

Prior to the date of the offense, Evanda Caruthers had the locks changed on the house. Although living on Fort Dix, the appellant continued to pay a portion of the rent on the home. The parties were not legally separated at the time of the incident on 13 October 1991. No legal proceedings for separation or divorce had been filed by either party.

On 13 October 1991, the appellant went to the residence in Wilmington at approximately 2330. He entered the residence by lifting one of the windows and climbing inside. The appellant advised the military judge during the providence inquiry that he entered the marital home with the intent of contacting his wife and to have sex with her. When his wife returned to the residence at approximately 0030, the appellant forced her to engage in sexual intercourse.

1. Judge Allan L. Placke took final action in this case prior to his release from active duty.

█ In order to convict an individual of the crime of burglary in violation of Article 129, UCMJ, the following elements must be established:

(1) That the accused unlawfully broke and entered the dwelling house of another;

(2) That both the breaking and entering were done in the nighttime; and

(3) That the breaking and entering were done with the intent to commit an offense punishable under Articles 118 through 128, except Article 123a.

Manual for Courts–Martial, United States, 1984, Part IV, para. 55b [hereinafter MCM 1984].

The entry into the dwelling must be unlawful. If it is not, then a conviction for burglary cannot stand.

█ After reviewing the jurisprudence, we conclude that the act of paying rent for, or on behalf of, another for a dwelling does not in and of itself confer upon an individual the right to enter at will the home or residence of another. Rather, it is but one factor to consider in determining if the entry into the dwelling was unlawful. Whether or not the entry into the dwelling was unlawful must be determined on a case-by-case basis.

█ In this case, the dwelling which was entered by the appellant was the marital home of the parties when they voluntarily separated. It was located off post in the civilian community of Wilmington, Delaware. The parties were not legally separated and no legal proceedings had been filed for a separation or divorce. The appellant continued to pay a portion of the rent on the house although not ordered to do so by a court. There was no court order giving Evanda Caruthers the exclusive use or possession of the marital home. Likewise, there was no court order barring the appellant from the marital home.

It is well settled that pending a separation or divorce, either spouse may enter the marital home at will unless prohibited by a court order. However, where necessary, a court may restrain a spouse from interfering with the other spouse's peaceful enjoyment of the home, forbid a spouse to be on the property occupied by the other spouse, grant exclusive possession or use of the marital home to a spouse, or remove a spouse from the marital home due to abusive behavior. *See generally* 27A and 27C *C.J.S.* Divorce §§ 140 and 549 (1986); *Brannen v. Brannen*, 208 Ga. 88, 65 S.E.2d 161 (1951); *Stevenson v. Higgins*, 619 S.W.2d 42 (1981); *Roberts v. Roberts*, 106 N.J.Super. 108, 254 A.2d 323 (1969); *Smith v. Smith*, 49 Cal.App.2d 716, 122 P.2d 346 (1942); *Keller v. Keller*, 158 N.W.2d 694 (1968); *Wife (L.R.) v. Husband (N.G.)*, 412 A.2d 333 (1980); *Burrell v. Burrell*, 437 So.2d 354 (1983). Generally, a court can exclude a spouse from the marital home only after a full hearing has been conducted. However, some states permit a spouse to obtain sole possession of the marital home by filing a verified complaint seeking eviction of the other spouse. *Hoda v. Hoda*, 122 Ill.App.2d 283, 258 N.E.2d 386 (1970).

█ Simply because a spouse has left the marital home, removed his personal property, and maintains a separate residence, does not preclude the spouse from returning to and entering the marital home. In *Degenaars v. Degenaars*, 186 N.J.Super. 233, 452 A.2d 222 (1982), the husband left the matrimonial home voluntarily and maintained a separate residence elsewhere for a considerable period of time. With no prior advance warning and against his wife's wishes, the husband moved back into the marital home, took over the master bedroom and compelled the wife to move to one of the children's bedrooms. In spite of his absence from the marital home for a considerable period of time, the wife was required to apply to the court for an order barring the husband from the marital home. *Id.*, 452 A.2d at 223.

In the present case, the fact that appellant's wife did not want him in the marital home and changed the locks on the home after he left does not make appellant's entry into the marital home on the night of 13 October 1991 unlawful. Likewise, the order given to the appellant by his commanding officer to stay away from his wife

does not make his entry into the home unlawful. In the absence of a court order barring the appellant from the marital home or granting the exclusive possession or use of the marital home to appellant's wife, the appellant's entry into the marital home, albeit against his wife's wishes, was not unlawful. Accordingly, we find that the military judge failed to establish a sufficient factual predicate for the appellant's plea of guilty to the offense of burglary. Our resolution of the first specified issue in the appellant's favor now makes the second specified issue moot.

## SPECIFIED ISSUE 3—KIDNAPPING

During the providency inquiry, the appellant related that on 16 September 1991, he entered his wife's barracks room by use of a duplicate key he made without her knowledge or consent.[2] Upon entering the room, he grabbed his wife and placed his hand over her mouth. The appellant forced her over to the bed, a distance of five to seven feet. He undressed her, laid her on the bed and tied a handkerchief around her mouth so that she could not scream. The appellant forced her to have sexual intercourse with him two times while on the bed with the acts occurring approximately 30 minutes apart.

As previously outlined above, on 13 October 1991, the appellant entered the marital home in Wilmington, Delaware, by opening a window and climbing through it into the house. His wife was not in the home when he entered so he waited for her. When she returned, he forced her into a bedroom, grabbed her and forced her to a bed approximately three to five feet away. The appellant tied her hands, gagged her, and forced her to have sexual intercourse with him three times over a two- to three-hour period.

 In order to convict an individual of the offense of kidnapping under the first or second clause of Article 134, UCMJ, more than an incidental asportation or holding is required. In interpreting the term "incidental," we must turn for guidance to

those factors enumerated in *United States v. Santistevan*, 22 M.J. 538 (N.C.M.R.1986), *aff'd*, 25 M.J. 123 (C.M.A.1987). *See United States v. Jeffress*, 28 M.J. 409 (C.M.A. 1989) (adopting the *Santistevan* factors in analyzing "incidental" asportation). Those factors are the following:

(1) There must be both an unlawful seizure, kidnapping, or carrying away, and a holding for a period of time.

(2) Is the holding duration de minimis or appreciable?

(3) Did the carrying away occur during the commission of a separate offense?

(4) Was the detention or carrying away inherent in the commission of the other offenses?

(5) Does the asportation and detention exceed that needed for the commission of the offenses?

(6) Are the risks to the victim beyond that inherent in the commission of the other offenses?

*Santistevan*, 22 M.J. at 543.

 In this case, the appellant concedes that his wife was seized or held when she was grabbed from behind, gagged, tied and dragged to the bed a short distance away. As in *United States v. Broussard*, 35 M.J. 665 (A.C.M.R.1992), the holding was not de minimis since the appellant's wife was tied by a handkerchief on both occasions and held on each occasion for a two to three hour period. Additionally, the appellant locked the bedroom door once he had forced his wife approximately fifteen feet down a hallway and into the bedroom on 13 October 1991. As in *Broussard*, the holding of appellant's wife was during the commission of a series of sexual assaults. However, the asportation and holding were not inherent to the commission of the sexual assaults. On both occasions, the binding and gagging of the victim placed the victim in more significant danger than was needed to commit the underlying offenses. Even though the appellant only moved his victim a short distance in both incidents, this fact

---

2. Appellant's wife was a reservist activated during Operation Desert Storm. She was assigned

a room in the barracks and resided there upon her return from Saudi Arabia.

is not inconsistent with his guilty pleas for purposes of Article 45, UCMJ. In many state cases, movement of the victim only a few feet has sufficed to establish guilt. *See Jeffress,* 28 M.J. at 414. Accordingly, we find the military judge established a sufficient factual predicate for the appellant's pleas of guilty to kidnapping his wife on both 16 September 1991 and 13 October 1991.

We have considered the other errors raised by the appellant and find them to be without merit. The finding of guilty as to Specification 2 of Charge III (burglary) is set aside and that Specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record in these proceedings, and *United States v. Sales,* 22 M.J. 305 (C.M.A.1986), the sentence is affirmed.

Senior Judge De GIULIO and Judge GONZALES concur.