# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
POND, FLEMING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 NELSON A. TORRESJUAREZ**
**United States Army, Appellant**

ARMY 20220659

Headquarters, 1st Armored Division and Fort Bliss
Robert L. Shuck, Military Judge
Colonel Andrew D. Flor, Staff Judge Advocate

For Appellant: Captain Amir R. Hamdoun, JA (argued); Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Mitchell D. Herniak, JA; Captain Amir R. Hamdoun, JA (on brief and reply brief).

For Appellee: Major Timothy R. Emmons, JA (argued); Colonel Christopher B. Burgess, JA; Major Timothy R. Emmons, JA (on brief).

29 August 2024

---------------------------------
OPINION OF THE COURT
---------------------------------

FLEMING, Senior Judge:

Under the facts presented in this case, we find the military judge did not err in accepting appellant's guilty plea to one specification of unlawful entry despite appellant's name being listed on the apartment lease at the time of his entry. We hold a totality of the circumstances analysis is required to determine if an "unlawful" entry of the "real property of another" occurred for purposes of Article 129(b), 10 U.S.C. § 929 (2019) [UCMJ].[1]

---

[1] We have given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and determine they merit neither discussion nor relief. We will affirm the findings and sentence in our decretal paragraph.

## BACKGROUND

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of distributing a controlled substance, two specifications of possession of a controlled substance, one specification of assault consummated by a battery, one specification of domestic violence, and one specification of unlawful entry in violation of Articles 112a, 128, 128b, and 129, UCMJ. The military judge sentenced appellant to a bad-conduct discharge and confinement for nine months.[2] The convening authority took no action on the findings or sentence.

Appellant and his then-spouse, ██████████████, had been cotenants[3] of an apartment in El Paso, Texas. In late February 2022, because of a domestic violence incident, a Texas criminal court issued a temporary restraining order prohibiting appellant from coming within 200 yards of ██████ or the apartment for two months. After this order, appellant did not reside at the apartment, and instead, rented another apartment nearby. Nonetheless, appellant testified he provided $500 a month to ██████ for rental assistance. Sometime after the order was issued, ██████ changed the locks to the apartment, rendering appellant's key useless.

In late March 2022, in violation of the restraining order, appellant entered ████████'s apartment through the living room window at approximately 0130 hours without her permission.[4] Unbeknownst to appellant, two of ██████'s friends, ██ and his wife, ██, were sleeping on couches near the window. Appellant's act of opening the window caused ██ to wake up. ████████, in turn, was awakened by his wife running from her couch towards ████████'s bedroom. Appellant then



---

[2] Pursuant to a plea agreement, the convening authority, after arraignment but prior to findings, withdrew and dismissed one specification of conspiracy to distribute a controlled substance, one specification of making a false official statement, one specification of wrongful appropriation, four specifications of assault consummated by a battery, and two specifications of domestic violence in violation of Articles 81, 107, 121, 128, and 128b, UCMJ.

[3] "Cotenancy" is defined as "[a] tenancy with two or more coowners who have unity of possession." *Cotenancy*, Black's Law Dictionary (9th ed. 2009). "Tenancy" is defined as "[t]he possession or occupancy of land under a lease" or "[t]he possession of real . . . property by right or title." *Tenancy*, Black's Law Dictionary (9th ed. 2009) (first and third definitions).

[4] The temporary restraining order only authorized appellant a one-time entry into the apartment within seven days of issuance to collect personal belongings while accompanied by law enforcement.

punched ███ three times on his face before proceeding in the same direction as ██. █ then threatened to call the police so appellant departed.

## LAW AND DISCUSSION

Courts "review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo." *United States v. Byunggu Kim*, 83 M.J. 235, 238 (C.A.A.F. 2023) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)). "During a guilty plea, the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *Id.* (internal citations omitted). "A military judge abuses his or her discretion . . . if his or her ruling is based on an erroneous view of the law." *Id.* (internal citations and quotations omitted). Given the relatively undeveloped nature of the record at a guilty plea, "broad discretion" is afforded to the military judge. *Id.* Because of this, the guilty plea will stand unless "the record as a whole show[s] a substantial basis in law and fact for questioning the guilty plea." *Id.*

Any person subject to the UCMJ commits the offense of an unlawful entry when: (1) they enter the real property of another; and (2) that entry is unlawful. UCMJ, art. 129. "An allegation of ownership in one other than the accused is necessary to properly charge the offense of unlawful entry, however, this allegation of ownership is material only to show . . . that the area entered was not the property of the accused." *United States v. Vance*, 10 C.MR. 747, 752 (A.F.C.M.R. 1953). Ownership in real property does not refer exclusively to legal title, "but may be laid in one having care, use, possession or occupancy" of the property in question. *Id.* Because of this, the crime of unlawful entry is best understood "as an offense against possession rather than title, and in an ordinary case the purposes of the requirement will be better served by averring ownership to be in one having possession." *Id.*

The Manual for Courts-Martial states "[a]n entry is unlawful if made without the consent of any person authorized to consent to entry or without other lawful authority," however, this language is self-reinforcing and vague. According to this court's predecessors, "[w]hether or not the entry into [a] dwelling was unlawful must be determined on a case-by-case basis." *United States v. Caruthers*, 37 M.J. 1006, 1009 (A.C.M.R. 1993).

The issue before us is whether appellant's provision of money to ████ for rental assistance per his testimony or his name being on the lease makes his middle of the night entry through the apartment window otherwise lawful. We find it does

not. Our opinion in *United States v. Caruthers*, 37 M.J. 1006 (A.C.M.R. 1993) regarding a burglary offense instructs our analysis.[5]

In *Caruthers*, the court applied a totality of circumstances test to determine if an unlawful entry of another's property—the first element of burglary—had occurred. *Id.* at 1009-10. In that case, appellant had moved out of the marital home he shared with his wife, bringing with him his personal property. *Id.* at 1008. After appellant left the home, his wife changed the locks. *Id.* Despite no longer living in the home, appellant continued to provide rental support to his spouse. *Id.* On the night of the charged misconduct, appellant entered the home in the dead of night via a window and sexually assaulted his wife. *Id.* In reviewing appellant's plea of guilty to the offense of burglary, the court found, in the absence of a court order barring appellant from entering the home, appellant maintained the right to re-enter the home such that his entry was not unlawful under the circumstances. *Id.* at 1010.

But, as to the provision of rental support, the court concluded "the act of paying rent for, or on behalf of another for a dwelling does not in and of itself confer upon an individual the right to enter at will the home or residence *of another*." *Id.* at 1009 (emphasis added). We agree with this reasoning and conclude appellant's provision of money to ██████ does not serve to make his window entry lawful.

Unlike *Caruthers*, however, appellant was issued a lawful Texas court order barring him from not only entering ██████'s apartment but being within 200 yards of it. As noted in *Caruthers*:

> where necessary, a court may restrain a spouse from interfering with the other spouse's peaceful enjoyment of the home, forbid a spouse to be on the property occupied by the other spouse, grant exclusive possession or use of the marital home to a spouse, or remove a spouse from the marital home due to abusive behavior.

*Id.* at 1009.

---

[5] Under the *Manual for Courts-Martial, United States* (1984 ed.) [*MCM*, 1984], the crime of burglary was committed when: (1) "the accused *unlawfully* broke and entered the dwelling house *of another*," (2) "both the breaking and entering were done in the nighttime; and" (3) "the breaking and entering were done with the intent to commit an offense punishable under Articles 118 through 128, except Article 123a. UCMJ art. 129 (1984 ed.) (emphasis added). Both elements of the 2019 version of unlawful entry are nested in the first element of the 1984 offense of burglary, reflecting the consolidation of various offenses against habitual dwelling into the modern Article 129. *Compare* UCMJ art. 129(b) (2019 ed.) (unlawful entry) *with* UCMJ art. 129 (1984 ed.).

In such situations, a court order "barring appellant from the marital home" will make appellant's subsequent entry to that same home unlawful. *See id.*, at 1010. Given that the "care, use, possession or occupancy" of a property are key indicia of ownership for purposes of Article 129 analysis, it also flows where an individual is precluded from entering a home, their ownership for purposes of Article 129 analysis is also called into question. *See Vance*, 10 C.MR. at 752.

Appellant argues, for the first time on appeal, that his status of being listed on the lease necessitates, as a matter of law, setting aside his plea. While we agree his status is a relevant factor in assessing ownership, we do not find it dispositive. After employing a "totality of the circumstances" analysis, as did the court in *Caruthers*, we find the apartment in question was "the real property of another" for two reasons.

First, ███████ possessed a lease for the apartment and benefited from the use, possession, and occupancy of it. The property was thus "of another" — ███████. ███████'s actions, as captured in the record, are consistent with this premise. She and her child resided in the residence, invited guests over, and she changed the locks to the door. ███████ was thus the "owner" of the apartment based on not only a contractual lease, but her occupation and use of it.

Second, appellant's status and actions at and around the time of his entry were inconsistent with that of one holding possessory rights in real property. A temporary restraining order prohibited appellant from coming within 200 yards of the apartment, making it impossible for appellant to legally use, possess, or occupy the property. When he entered the apartment in the middle of the night, appellant entered via a window, the locks having been changed. Upon his entry, appellant immediately assaulted a guest in the home without provocation. His actions are wholly inconsistent with one exercising a possessory interest in real property.

We decline to accept appellant's proposition that, as a matter of law, an individual cannot commit the offense of unlawful entry into an apartment where they are listed on the lease. Instead, the crux of the analysis in appellant's case turns on identifying the possessor of the property in question. We hold assessing ownership interests in real property and determining the lawfulness of an entry requires a fact-specific inquiry. Under the totality of circumstances, we find there was an adequate basis in law and fact to support appellant's plea and the military judge did not abuse his discretion accepting it.[6]

---

[6] Though not dispositive, we note appellant engaged in an extensive discussion with the military judge regarding the legality of the plea during his providence inquiry under *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). During the inquiry, appellant acknowledged: (1) the apartment was SPC MT's; (2) he did not

(continued . . .)

## CONCLUSION

On consideration of the entire record, the findings of guilty and sentence are AFFIRMED.

Chief Judge POND and Judge PENLAND concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

---

( . . . continued)
have permission to be at the apartment, and (3) his presence at the apartment was in violation of a temporary restraining order. Appellant and his defense counsel consistently averred, throughout extensive questioning by the military judge, that appellant had committed an unlawful entry offense. Appellant and counsel maintained this position, even when questioned about whether an individual listed on the lease of the relevant property could legally commit the offense.