186 N.J. Super. 233 (1982)
452 A.2d 222
JUDITH A. DEGENAARS, PLAINTIFF,
v.
ROBERT J. DEGENAARS, DEFENDANT.
Superior Court of New Jersey, Chancery Division Bergen County.
Decided August 19, 1982.
*234 Victor Azar, for plaintiff (Albert & Pescatore, attorneys).
Peter S. Pearlman, for defendant (Cohn & Lifland, attorneys).
KRAFTE, J.J.D.R.C. (temporarily assigned).
A question heretofore unanswered in any reported New Jersey decision is raised on this return of an order to show cause. Can a court of equity order that a spouse, who has voluntarily moved from the marital premises and maintained a residence elsewhere for a considerable period of time, shall remain out of the marital residence against his will, there being no definitive proof of danger of actual physical or emotional injury to the remaining spouse and children? We proceed to answer it now.
The parties were married on September 24, 1960 and had four children now ranging in age from 19 to 7. After difficulties, a complaint for divorce was filed on September 29, 1980, both parties then remaining as residents of the marital home.
In January of 1981 the husband left the marital home voluntarily, i.e., there was no court order compelling his removal.
On June 28, 1982, with no prior advance warning, defendant moved back in and, in fact, took over the master bedroom, of necessity compelling plaintiff to move into another bedroom with one of her children.
On June 29, 1982 an order to show cause was signed enjoining defendant from, among other things, "remaining upon the former marital residence." The order was returnable July 19, 1982 and carried to August 12, 1982, with restraints continued, at which time oral argument was had.
This court finds, on undisputed facts presented by way of affidavit, that defendant voluntarily removed himself from the marital home and absented himself as an overnight resident therein for some 17 months, thereby voluntarily surrendering possession, use, occupation and enjoyment thereof, to plaintiff and the children. For 17 months plaintiff and the children planned and lived their lives in the overnight absence of defendant. *235 It must be kept in mind that the court is facing a pendente lite situation. Should the mental and emotional health and welfare of plaintiff and the children be compromised by the ever-present knowledge that defendant can move in, out and about the marital home with impunity? We think not.
Roberts v. Roberts, 106 N.J. Super. 108 (Ch.Div. 1969), was the first case in New Jersey to state that the court of equity had the power to remove a spouse from the marital home owned as tenants by the entirety.
Extending Roberts further the court in S. v. A., 118 N.J. Super. 69 (Ch.Div. 1972), held that an alcoholic parent who made unannounced absences and returns of irregular durations, could be enjoined from the marital home. The court held (at 70): "Nothing would be more protective and in the best interests of these children than a stable home where their roots are."
The parens patriae jurisdiction of this court protects the interests of children, especially in matrimonial litigation. Sheehan v. Sheehan, 51 N.J. Super. 276 (App.Div. 1958).
The Legislature has vested this court with broad powers under N.J.S.A. 2A:34-23:
Pending any matrimonial action brought in this State or elsewhere, ... the court may make such order . .. as to the care ... and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall render fit, reasonable and just....
These broad powers were recently recognized in Davis v. Davis, 184 N.J. Super. 430 (App.Div. 1982).
This court finds that it would be inimical to the best interests and welfare of plaintiff and the children to permit their lives, both emotionally and physically, to be traumatically invaded by defendant's unilateral decision to resume residency in the marital home. The interests and welfare of plaintiff and the children will best be served by maintaining the status quo ante as initiated by defendant himself. This court finds that it has the power and jurisdiction, both by legislative fiat and by invoking the historical equitable jurisdiction inherently possessed by this court, to grant the relief sought.
*236 Therefore, this court restrains and enjoins defendant from entering or remaining in the marital residence.