## Garrison v. Garrison

*Michael R. Muth*, for plaintiff.
*H. Alan Vican*, for defendant.

O'BRIEN, *J.*, May 14, 1986—

### I. FINDINGS OF FACT

1. Margaret Garrison and Brent C. Garrison were married on March 3, 1968.

2. In an effort to resolve marital differences, the parties participated in four different episodes of marriage counseling, the most recent being in the fall of 1983.

3. The parties have not engaged in marital relations since January 1985 and plaintiff wife filed a complaint for divorce on August 22, 1986.

4. The parties have four children, Heather Marie Garrison born August 25, 1973; Theresa Anne Garrison born September 12, 1975; Mary Elizabeth Garrison born May 1, 1978; and Andrew Coleman Garrison born April 20, 1981.

5. For a continuous period commencing as early as February 1985 and continuing as recently as April 25, 1987, defendant husband has purchased under various names, and used, illegal drugs, including but not limited to marijuana, cocaine, LSD, peyote and methamphetamines.

6. The marital premises, which is jointly owned by the parties, is presently subject to a lien by the Internal Revenue Service because defendant husband has not filed a tax return since 1975 because he believes the federal tax laws are unconstitutional.

7. The marital premises is a four-bedroom farmhouse in Effort, Monroe County, Pa. which is subject to a mortgage in favor of East Stroudsburg Savings Association requiring a monthly amortization of $139.

8. Plaintiff wife has been the primary caretaker for the children of the marriage and is primarily responsible for the purchase of groceries, clothing and other household needs.

9. Defendant husband does not agree with the types of food purchased by plaintiff wife and in protest thereof nailed a sandwich prepared by plaintiff

wife to the wall with a note complaining about her choice of bread.

10. Since plaintiff wife is primarily responsible for the caretaking of the children, her only employment is part time as a substitute teacher at a per diem rate of $52.50.

11. Defendant husband, a college graduate, is employed during the summer seasons by the National Park Service at the rate of $8.73 per hour and expects to be recalled to that position shortly. During the winter months he receives unemployment compensation.

12. The communications between the parties is very poor and the presence of both parties in the marital residence has created an atmosphere of tension and conflict for the children of the marriage.

## II. DISCUSSION

The Pennsylvania Divorce Code provides in pertinent part as follows:

"§102. Legislative findings and intent

(a) The family is the basic unit in society and the protection and preservation of the family is of paramount public concern. Therefore, it is hereby declared to be the policy of the Commonwealth of Pennsylvania to:

(1) Make the law for legal dissolution of marriage effective for dealing with the realities of matrimonial experience.

(2) Encourage and effect reconciliation and settlement of differences between spouses, especially where children are involved.

(3) Give primary consideration to the welfare of the family rather than the vindication of private rights or the punishment of matrimonial wrongs.

(4) Mitigate the harm to the spouses and their children caused by the legal dissolution of the marriage.

(5) Seek causes rather than symptoms of family disintegration and cooperate with and utilize the resources available to deal with family problems." (23 P.S. §102)

In the implementation of the foregoing legislative findings and intent, the Divorce Code further provides:

"The court may award to one, each or both of the' parties the right to live in the family home for reasonable periods of time." 23 P.S. §401(h)

In Laczkowski v. Laczkowski, 344 Pa. Super. 154, 496 A.2d 56 (1985), a case of first impression, our Superior Court held that a court of common pleas has authority to temporarily award a marital residence, pending equitable distribution of marital property, to the spouse having physical custody of the minor children and to order the other spouse to vacate the premises. In its decision, the Superior Court emphasized that such an issue is pendente lite and that the common law doctrine of parens patriae should be the paramount consideration of a court in resolving such issues. It is hard to envision a more suitable case for invoking section 401(h) of the Divorce Code than the case at bar. Although defendant husband refused to admit at hearing that he is a "habitual" drug user, his continued use of various illegal substances over a period in excess of two years is undoubtedly a major contributor to the atmosphere of tension and conflict existing in the marital home. The children of this marriage should not be subject to this influence of resulting tension particularly where, as in this case, defendant husband has summer employment available which will provide him a means for other accommodations.

### III. CONCLUSIONS OF LAW

1. Section 401(h) of the Divorce Code authorizes this court to grant a spouse having physical custody of the children of the marriage, the exclusive use of the marital premises.

2. Plaintiff wife has physical custody of the children of the marriage who reside in the marital premises.

3. The welfare of the family requires the temporary exclusion of defendant husband from the marital premises.

### ORDER

And now, this May 14, 1987, it is ordered as follows:

1. Pending adjudication of Count II of the complaint in divorce seeking equitable distribution of marital property, the exclusive possession of the marital premises situate in Effort, Monroe County, Pa. is granted to plaintiff Margaret Garrison, and defendant Brent C. Garrison is excluded therefrom effective June 1, 1987;

2. Defendant shall pay the costs of these proceedings.