**Alva v. Alva**

*Samuel F. DiFrancesco Jr.* for plaintiff.
*John Kuzmiak,* for defendant.

FIKE II, *J.;* July 29, 1986 — In this divorce action, plaintiff has asked for special relief under the Divorce Code, 23 P.S. §401(c) and (h), asking for an order enjoining defendant from further occupancy of the marital residence and awarding sole possession and occupancy of that residence to plaintiff and her minor children during the pendency of the divorce proceedings.

Plaintiff and defendant were married on January 28, 1984. One child was born of this marriage, namely Robert M. Alva Jr., two years of age. Plaintiff is also the mother of a son, Nathan, who is now four years of age.

Shortly after marriage, plaintiff and defendant purchased, and moved into, a house in Tire Hill, Somerset County, Pa. Funds from defendant's pension were used as a down payment. A mortgage was obtained for the balance. Plaintiff and defendant have each been paying half the mortgage payment since inception.

Plaintiff's son, Nathan, has an asthmatic condition, which requires medication, medical care and the use of a humidifier in his living quarters. The furnace in the marital residence is equipped with an

attached humidifier. In addition, the parties purchased a portable humidifier which remains at the marital residence.

As as result of marital problems, plaintiff left with the two children on April 8, 1986 and moved in with her parents, who also live in Tire Hill. Plaintiff's brother, age 11, also lives in the parents' house.

Plaintiff's parents' home is relatively small, containing two bedrooms. Plaintiff and her two children sleep in one bedroom, previously occupied by plaintiff's brother, while plaintiff's parents and plaintiff's brother now sleep in the second bedroom.

The marital residence is larger, contains sufficient room for each of the children to have his own bedroom, and has a yard in which the children can play.

Plaintiff explained that living arrangements in her parents' home are not satisfactory because of its small size and that the presence of plaintiff and her two children in her parents' home has caused stress for her parents and, in particular, has adversely affected plaintiff's brother, Jason. Plaintiff states that although her son, Robert, only two years old, can adapt, her son, Nathan, misses his previous home. Apparently Nathan's asthmatic condition has improved, however, since leaving the marital residence.

Plaintiff further testified that she could not afford to rent suitable accommodations for herself and the two children.

Marital difficulties arose which according to plaintiff, became increasingly severe in the fall of 1985. Plaintiff testified that defendant drank excessively, coming home frequently late at night or in early morning, that defendant swore frequently in front of the children, that although defendant took care of the children during the periods of time de-

fendant was laid off, defendant did not discipline and could not handle the children and also showed favoritism to Robert. Plaintiff testified further that frequent arguments arose between plaintiff and defendant, that on several occasions she deemed it necessary to call her father to the house to calm defendant, and that on one occasion, late at night, defendant threatened to leave with Robert Jr., requiring police intervention. According to plaintiff, the stress caused by the marital problems has affected the children and has been particularly hard on Nathan and his asthma condition.

During the marriage, plaintiff has been employed full-time as a medical secretary. Plaintiff earns take-home pay of approximately $420 every two weeks. In addition, she receives a $250 per month support payment from defendant.

Defendant's employment is in the construction field, as a result of which he works part of the year and is laid off part of the year. Most recently, plaintiff was laid off on June 18, 1986, but will be called back to work at the end of the year. Defendant will be on unemployment during the period of his lay off.

During 1985, defendant earned take-home pay of approximately $16,000, and in addition received unemployment compensation of approximately $4,000. During his layoff in 1986, defendant will receive approximately $428 unemployment compensation twice a month.

Defendant testified that difficulties, in fact, had arisen between the two parties and that, as a result, he had stopped drinking for several months in early 1986, but that when the marital problems increased in intensity in March, drinking resumed. Defendant admitted slapping plaintiff on one occasion, but only as part of a mutual fight. Defendant testified that

his wife and her father also swore in front of the children. Defendant did not deny plaintiff's testimony that he threatened to leave with Robert Jr. on one occasion.

Defendant apparently does not want the marriage to end and expressed the desire that the parties obtain counseling. Defendant has not excluded plaintiff and the children from the marital residence but, in fact, desires that they return.

## DISCUSSION

In *Laczkowski v. Laczkowski*, 344 Pa. Super. 154, 496 A.2d 56 (1985), the court confirmed the authority under the Divorce Code, §401(c) and (h), to temporarily award a marital residence to the spouse having physical custody of minor children, and to order the other spouse to vacate the premises, pending equitable distribution of marital property. In *Laczkowski*, plaintiff proved that defendant engaged in such harassment and mental cruelty and intimidation and threats of violence as to cause plaintiff and her minor daughter to leave the family home and that thereafter, defendant excluded plaintiff and her minor child from that home. Consequently, in *Laczkowski*, plaintiff and her minor daughter moved in with plaintiff's parents. The evidence showed further that the situation in the parents' home was progressing to the point where it would no longer be tolerable for plaintiff and her minor daughter to share that home with plaintiff's parents. Plaintiff's evidence also showed that she had tried to rent suitable living accommodations but was unsuccessful because of a lack of credit rating and insufficient income.

Here, as in *Laczkowski*, plaintiff left the marital home with the children and moved in with her parents. Also, just as in *Laczkowski*, the living arrange-

ments with plaintiff's parents are rapidly becoming intolerable. In the instant case, however, defendant has not excluded plaintiff and the children from the family home, and we do not believe that the evidence regarding defendant's conduct and the circumstances prevailing before the separation, rises to the level of severity described in *Laczkowski* and cases cited therein.

The court in *Laczkowski* stated:

"While our decision may appear to have wide-reaching ramifications, we are mindful that the exclusion of a spouse from the marital home during the pendency of a divorce proceeding is a harsh remedy that will not be awarded cavalierly. The need for such an award must be clearly evident in the facts of each case."

As the court indicated in *Laczkowski,* the primary consideration is the welfare of the minor children. Inevitably, however, as also indicated in *Laczkowski,* we must assess the severity of the alleged offending conduct.

We take into consideration three primary factors: (1) the severity of the offending conduct, (2) the effect on the minor children, and (3) the relative ability to obtain alternate accommodations.

In the instant case, it is obvious that serious marital difficulties have developed to the extent that plaintiff believes continued cohabitation undesirable. It is likewise clear that these difficulties produce stress within the family unit. Marital difficulties inevitably place great strain on children, and this case in no different. It also seems clear that, so far as physical accommodations are concerned, the children would be more comfortable in the marital home.

In the instant case, the evidence does not show conduct as severe as that in *Laczkowski,* which was

described as including "harassment and mental cruelty and intimidation, and threats of violence." Also, in the instant case, unlike *Laczkowski*, defendant has not excluded plaintiff and the children from the marital home. We are also not confronted with the situation present in *Degenaars v. Degenaars*, 186 N.J. Super. 233, 452 A.2d 222 (1982), cited in the *Laczkowski* opinion, where the offending spouse had been absent from the marital home for a long period of time and then had attempted to re-enter.

We can not overlook the fact, however, that defendant did resume drinking in March, causing severe disruption to the extent that police intervention was required. There is no indication defendant has now curtailed his drinking habits.

We also must conclude that defendant can much more easily obtain alternative living quarters. Although plaintiff has a good job, she also has the two children.

Even so, we nevertheless would not grant relief were it not for the children and Nathan's asthmatic condition, in particular. The present living arrangements are intolerable. The marital home, already equipped with humidifier, is especially suitable. We just cannot ignore Nathan's special needs and we can not compel the children to move back into a situation which can only aggravate the stress imposed on them.

We conclude that it is clearly evident that the minor children should have the benefit of living in an environment of stability without the trauma and stress of the difficulties created by cohabitation of plaintiff and defendant.

We, therefore, will grant plaintiff's request.

We emphasize that this is a temporary order. We also emphasize that, although taking into account

defendant's conduct, we are not assessing or allocating blame or fault. We make this decision primarily on the basis of the children's best interest.

## ORDER

Now, this July 29, 1986, it is hereby ordered that possession of the marital residence at P. O. Box 9, Tire Hill, Somerset County, Pa., be awarded to plaintiff and the minor children, and defendant is enjoined from occupancy of the marital residence during the pendency of the divorce proceedings, provided however, that defendant shall have 30 days within which to vacate the residence.