## Gaither v. Gaither

*Edward J. Zamborsky,* for plaintiff.
*Richard J. Orloski,* for defendant.

BACKENSTOE, *P.J.*, July 16, 1987—On December 23, 1986, this court entered an order granting exclusive possession of the marital residence to plaintiff, Margaret Gaither. Defendant, Joseph Gaither, filed timely exceptions to that order which are now before this court. For the reasons expressed herein, we deny defendant's exceptions.

Plaintiff and defendant were married on May 4, 1968. Four children, ranging in age from six to 17 years, were born to the parties. The parties jointly own the marital residence located at 221 W. Lynnwood St., Allentown, Pa.

Defendant left the marital residence in January 1986, and established a residence in a different city. Following his departure, defendant began making infrequent and sporadic visits to the marital home. He would arrive and depart as he pleased, often in the early hours of the morning. During these visits, defendant read the paper, watched television and ate the food purchased by plaintiff for herself and her children. Although defendant has not physically abused plaintiff, his presence in the home harasses and annoys plaintiff. Furthermore, defendant has refused to agree to scheduled visits to the home.

On December 23, 1986, pursuant to a petition filed by plaintiff, this court entered an order granting exclusive possession of the marital home to plaintiff. Defendant filed exceptions to that order under the Protection From Abuse Act, the due process clause of the 14th Amendment, and finally the allegation that no facts support the expropriation of the marital property by the court for exclusive usage by plaintiff.

In 1976, the Pennsylvania Legislature passed the Protection From Abuse Act, 35 P.S. §10181 et seq. which gave a physically abused spouse exclusive possession of the marital realty for a period not to

exceed one year. Defendant contends that the Protection From Abuse Act preempts the Divorce Code, and therefore, since he did not physically abuse plaintiff, her petition must fail as a matter of law. That is the Protection From Abuse Act is the sole and exclusive method by which a person can be involuntarily excluded or evicted from his or her home. This argument has previously been rejected by the Pennsylvania Superior Court in *Laczkowski v. Laczkowski*, 344 Pa. Super. 154, 496 A.2d 56 (1985). The court in *Laczkowski*, found that "[a] protection from abuse proceeding is quasi-criminal in nature and seeks to protect the abused spouse and children from physical violence, whereas the relief awarded in the instant case is equitable in nature and is concerned with stabilizing the family unit. As such this statute must be construed in pari materia with the Divorce Code, since they were enacted for different but not incompatible purposes. Since recourse was not had to a proceeding under the Protection From Abuse Act, we find that it has no bearing on our decision." *Laczkowski*, supra at 166, 496 A.2d at 62. Accordingly, we find that the Protection From Abuse Act does not preempt alternative procedures by which one spouse may dispossess another spouse from the marital residence.

Defendant next contends that the due process clause of the 14th Amendment prohibits an order granting one spouse exclusive possession of the realty owned jointly by the spouses. Defendant argues that giving plaintiff temporary exclusive possession of the marital residence is the legal equivalent of condemning the realty. Defendant then continues by stating that the United States Constitution dictates that property may only be condemned for a public purpose and that the owner must be given "just compensation" for the taking of the property.

Both federal and state constitutional law mandate explicitly that private property cannot be taken for public use without compensation. In the case before us, the taking of property is not for public use, rather, it is mediating a conflict between private parties. There is no "taking" in this case in the constitutional sense because there has not been any appropriation for government use. See *Pitsenberger v. Pitsenberger*, 287 Md. 20, 410 A.2d 1052, 1060, appeal dismissed, 449 U.S. 807, 101 S.Ct. 52, 66 L.Ed.2d 10, reh'g denied 449 U.S. 1028, 101 S.Ct. 601, 66 L.Ed.2d 491 (1980). See also *Scott v. Adal Corp.* 353 Pa. Super. 288, 509 A.2d 1279 (1986) (no "taking" at a sheriff's sale since no appropriation for government use).

Finally, defendant contends that the court erred as a matter of law in granting plaintiff exclusive possession of the marital residence. We believe that our original order is justified under section 401(h) of the Divorce Code, 23 P.S. §401(h), and under the limited case law on this issue.

Section 401(h) of the Divorce Code provides:
"[T]he court may award to one, each, or both of the parties the right to live in the family home for reasonable periods of time." This section has been interpreted as empowering the courts to enter an order giving one spouse the right to reside in the marital residence until equitable distribution is made, and further ordering the other spouse to vacate said premises. *Laczkowski*, supra. On December 23, 1986, we granted plaintiff herein temporary exclusive possession of the marital residence.

Defendant argues that *Laczkowski* and the cases cited therein are factually different than the case at bar, and therefore, a different verdict should be reached. The *Laczkowski* court relied upon the

Maryland case of *Pitsenberger v. Pitsenberger,* 287 Md. 20, 410 A.2d 1052, appeal dismissed, 449 U.S. 807, 101 S.Ct. 52, 66 L.Ed.2d 10, reh'g denied, 449 U.S. 1028, 101 S.Ct. 601, 66 L.Ed.2d 491 (1980); and the New Jersey case of *Degenaars v. Degenaars,* 186 N.J. Super. 233, 452 A.2d 222 (1982). The defendant contends that *Laczkowski, Pitsenberger* and *Degenaars* are factually similar in that they involve husbands who have barred their wives and children from the marital home, despite the fact that the mothers and children were unable to find suitable alternative living accommodations. The case at bar, according to defendant, is factually different since the husband has moved out of the marital home while the wife and children continue to live there.

Initially, we note that defendant has mischaracterized the facts of *Degenaars*. In *Degenaars*, the husband voluntarily removed himself from the marital home. After 17 months, he returned to the home. In that case, the New Jersey Superior Court held that a spouse may be excluded from the marital residence solely because that spouse had been living apart from the residence for a period of time. *Degenaars,* supra.

Secondly, we believe that *Laczkowski, Pitsenberger* and *Degenaars* and the case before us are all similar in the fact that children were involved. The Maryland Court of Appeals stated that "the legislative purpose . . . of a pendente lite use and possession award is to give 'special attention to the needs of minor children to continue to live in a familiar environment' and 'to avoid uprooting the children from the home, school, social and community setting upon which they are dependent.'" *Laczkowski,* supra at 165, 496 A.2d at 61 citing *Pitsenberger*, supra at 31, 410 A.2d 1058. All three

prior cases based their granting of exclusive possession of the marital residence to the spouse having physical custody of at least one minor child on provisions in their respective divorce codes "vesting the trial courts with broad equitable powers during the pendency of matrimonial actions to make such orders 'as to the care . . . and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall render fit, reasonable and just. . . ." *Laczkowski,* supra at 163, 496 A.2d at 60 citing *Degenaars,* supra. The Pennsylvania Superior Court in *Laczkowski,* supported their holding with section 102 of the Divorce Code which states that it is the policy of this commonwealth to "[g]ive primary consideration to the welfare of the family rather than the vindication of private rights or the punishment of matrimonial wrongs."

In the case at bar, defendant voluntarily removed himself from the marital home in January 1986, leaving behind a wife and four minor children. Since then, defendant has sporadically visited the marital home at inconvenient times. While in the marital home, defendant refuses to speak to plaintiff. On these visits, defendant eats, reads and watches television. Although defendant has not physically abused plaintiff, his presence in the home irritates and annoys plaintiff. Furthermore, defendant refuses to schedule his visits to the home.

Here, as in *Degenaars,* we are "faced with a pendente lite situation, and thus, the mental and emotional health and welfare of the wife and children should not 'be compromised by the ever-present knowledge that defendant can move in, out and about with impunity[.]' " *Laczkowski,* supra at 163, 496 A.2d at 60 citing *Degenaars,* supra at 235, 452 A.2d at 223. The *Degenaars* court found that:

". . . [i]t would be inimical to the best interests and welfare of plaintiff and the children to permit their lives, both emotionally and physically, to be traumatically invaded by defendant's unilateral decision to resume residency in the marital home. The interests and welfare of plaintiff and children will be best served by maintaining the status quo ante as initiated by defendant himself." *Degenaars*, supra at 235, 452 A.2d at 223. Defendant herein voluntarily established a residence outside the marital home. He cannot expect to be permitted to enter the marital home when he pleases, leave when he pleases, and do as he pleases when he is in the home. Defendant has chosen to leave his wife and children, and for a year and a half, the wife and children have lived in the marital home without defendant's presence. Defendant's sporadic, unannounced, annoying visits merely serve to disrupt the life the wife and children have been forced to lead. Since defendant refuses to schedule his visits, we entered an order granting exclusion possession of the marital home to plaintiff with limited visiting privileges given to defendent.

In further support of our order, we note the criteria utilized by the *Pitsenberger* court in reaching its use and possession order. In *Pitsenberger*, the court granted pendente lite possession of the marital home to the wife so that the parties' five children could continue to attend their same school without being forced to travel a great distance. The authority upon which the *Pitsenberger* court relied in making its decision provides as follows:

"(a) The authority conferred by this section shall be exercised to permit the children of the family to continue to live in the environment and community which is familiar to them and to permit the continued occupancy of the family home and possession

and use of family use personal property by a spouse with custody of a minor child who has a need to live in that home. . . . In exercising its authority under this section, the courts shall consider each of the following factors:

"(1) The best interests of any minor child,

"(2) The respective interest of each spouse in continuing to use the family use personal property or occupy or use the family home or any portion of it as a dwelling place,

"(3) The respective interest of each spouse in continuing to use the family use personal property or occupy or use the family home or any part of it for the production of income,

"(4) Any hardship imposed upon the spouse whose interest in the family home or family use personal property is infringed upon by an order issued under this section. . . ." Section 3-6A-06 of the Courts and Judicial Proceedings Article from the Annotated Code of Maryland.

Applying the above criteria to the instant case, we find that our original order is proper. Obviously, the best interests of the minor children dictate that they remain in the marital home. Plaintiff, therefore, has an interest in continuing to use the marital home as a dwelling place since she is the spouse with custody of the four children. Defendant's interest in using the home is diminished by the fact that he voluntarily left the marital home and established a residence elsewhere. Furthermore, any hardship imposed upon defendant by an infringement on his interest in the family home as a result of this order is diminished by the visitation privilege established by the court. Defendant wants to visit the home to make repairs and to check on his rental property. We believe he can do this in the time the court has provided for defendant to be in the home.

For the above reasons, we deny defendant's exceptions and affirm our order of December 23, 1986.

### ORDER

Now, this July 16, 1987, upon consideration of defendant's exceptions to the order of this court granting exclusive possession of the marital residence to plaintiff and in consideration of the briefs filed by both parties in this matter, it is hereby ordered that said exceptions are denied.