**Merola v. Merola**

*Frank J. Skokoski*, for plaintiff.
*Anthony J. Ciotola*, for defendant.

STEVENS, *J.*, November 1, 1993—

FACTS

In April, 1993, plaintiff filed a complaint in divorce seeking, inter alia, equitable distribution of the marital property, temporary and permanent alimony, and attorney's fees and costs.

Plaintiff and defendant have a long-standing marriage, and the parties own a residence in the city of Hazleton. Plaintiff has resided in that residence for approximately

20 years while defendant, who is employed in Harrisburg, has maintained a separate apartment in Harrisburg for the past ten years but returns to the marital residence on weekends, depending upon weather conditions and his personal schedule in Harrisburg.

Plaintiff is a 54 year old female who has various serious medical problems, including severe rheumatoid arthritis, resulting in her being confined to a wheelchair. Although the parties have several grown children who do not reside in the marital residence, one of their children, Sandra, does reside with plaintiff, along with Sandra's young child. Sandra remains at the residence full-time with her mother, plaintiff, and assists plaintiff in everyday needs and activities, such as washing, dressing; generally, Sandra takes care of plaintiff's daily needs.

On or about August 9, 1993, plaintiff filed the within petition seeking exclusive possession of the marital residence pursuant to the Divorce Code. Several requests for continuance were made on behalf of defendant, by and through his then counsel, who himself had an illness and was unavailable. The matter was heard on October 29, 1993.

## OPINION

In *Laczkowski v. Laczkowski,* 344 Pa. Super. 154, 496 A.2d 56 (1985), the Superior Court specifically found that the court of common pleas had authority to temporarily award the marital residence, pending equitable distribution of marital property, to one spouse pursuant to the Divorce Code, §3502(c). See *Laczkowski v. Laczkowski, supra* at 162, 496 A.2d at 60.

In *Laczkowski* the factual situation was slightly different than in the instant case in that there was a minor child, and temporary possession of the marital real prop-

erty was granted to the spouse having physical custody of the minor child.

The Superior Court went on to state, that "... The equitable powers of the courts under our Divorce Code are extremely broad ..." even though "... the exclusion of a spouse from the marital home during the pendency of a divorce proceeding is a harsh remedy that will not be awarded cavalierly...." See *Laczkowski, supra,* at 166-167, 496 A.2d at 62.

The Superior Court thoroughly reviewed the legislative history of the Divorce Code, as well as case law of two states whose divorce statutes are substantially similar to the Pennsylvania Divorce Code. The Superior Court, for example, in reviewing the law of those two states, specifically cited a New Jersey case, *Degenaars v. Degenaars,* 186 N.J. Super. 233, 452 A.2d 222 (1982), which held that a spouse may be excluded from the marital residence solely because that spouse had been living apart from the residence for a period of time. See *Laczkowski, supra,* at 163, 496 A.2d at 60.

In the instant case, the facts as testified to show that plaintiff is a specially vulnerable woman in that she has a serious illness, is confined to a wheelchair, and needs daily assistance from her daughter to perform everyday duties such as dressing and washing.

Moreover, plaintiff has no income other than a $350 per month rental from a property and resides in a home which has been customized to accommodate her use of a wheelchair. For example, an outside deck has been installed with a ramp to the driveway for the entrance and exit of plaintiff.

On the other hand, the husband is and has been gainfully employed in Harrisburg, earning approximately $30,000 per year, and he lives in his own apartment in Harrisburg five days per week. He acknowledged

that he does not necessarily come home every weekend in that his travel depends on "weather conditions" and his "personal schedule" in Harrisburg.

This court finds that the Superior Court in *Laczkowski v. Laczkowski, supra,* did not specifically confine its ruling solely to cases in which there is a minor child. Where there is, as in the within case, a woman who is vulnerable because of her serious illness, and her mental and emotional health and welfare is compromised by the ever-present knowledge that defendant can move in and out of the marital home on weekends at defendant's own pleasure and whim, there is good reason to award temporary exclusive possession to said woman.

Thus, in the instant case and under the specific facts as testified to, plaintiff has shown enough to justify granting temporary, exclusive possession of the marital property in plaintiff, during the pending equitable distribution of marital property.

Although the court is convinced that defendant does indeed love his wife and does not want to be divorced from her, the sole issue before this court is whether or not plaintiff is entitled to exclusive possession of marital residence as stated *supra.*

Accordingly, the court grants the petition of the plaintiff for a period not to exceed one year.

## ORDER

It is hereby ordered, adjudged and decreed as follows:

(1) The petition of plaintiff for exclusive possession of the marital residence located at North Wyoming Street, Hazleton, Luzerne County, Pennsylvania, is hereby granted for a period not to exceed one year; and

(2) The prothonotary of Luzerne County is directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.