# Chappell v. Chappell

C.P. of Lawrence County, no. 11680 of 2006, C.A.

*Susan M. Papa,* for plaintiff.
*Angelo A. Papa,* for defendant.

HODGE, *J.,* February 5, 2007—Before the court are mutual motions for exclusive possession of marital residence filed by both parties.

The parties were married on October 20, 1984, in Lawrence County.

The marital residence was at 326 Upper Boyd School Road, Shenango Township, New Castle, Lawrence County, Pennsylvania. The land at that address was a gift to the plaintiff from her father three years before the marriage. After the marriage, the parties built a ranch styled home on the premises. Plaintiff's brother and sister live nearby, as each received a parcel of land out of the family farm.

The parties are the parents of an adult son, age 19, and a daughter, Alyson, born July 29, 1989, currently age 17, and a junior at Shenango High School.

The plaintiff testified that the parties separated on October 3, 2006, after a period of intense argument.

Prior to October 3, 2006, the climate in the home was very stressed and uncomfortable according to the plaintiff. The plaintiff left the marital residence on October 3, 2006, as she felt that her husband would never leave the premises. Since her leaving the marital residence, the husband has changed the locks and denied her requests for a key, denied her requests for personal possessions in the home, denied her the use of a second vehicle, and became very upset with her over her request for possession of a jewelry box and address book.

The plaintiff now resides in the Mohawk School District. The minor daughter lived with her father in the marital residence until the first of November 2006, at which time she joined her mother at the mother's residence in the Mohawk School District.

The minor daughter continues to attend Shenango School District, where she is a straight A student and a member of the National Honor Society. The plaintiff's request for exclusive possession of the marital residence is based upon her desire to have her daughter finish high school at Shenango School District, which is the only school which the daughter has attended, and where she is not only doing well but has most of her friends.

The plaintiff/wife did acknowledge that she had told her husband in August 2006 that she had been involved in an extramarital affair, which news the husband did not take well. The parties tried counseling to save the marriage but were unsuccessful, according to plaintiff, due to the husband's anger.

The plaintiff's testimony was that their daughter was uncomfortable with her father, who apparently was upset

with the daughter because the daughter's boyfriend stayed overnight in the mother's home this past November.

The plaintiff's testimony was that the daughter's relationship with her father was estranged, and that the daughter continues to struggle with the divorce and her absence from the family home.

The husband testified that he tried to make the marriage work, despite his faults, after being informed by his wife of her extramarital affair. The husband's focus was to keep the family unit together. It was the husband's testimony that the reasons for the breakup of the family unit were those solely of the wife, due to her extramarital affair, and that he and the family unit should not be punished as a result of her actions. The father testified that he saw his daughter this past week when she came to visit her boyfriend, who lives with the wife's sister in the immediate vicinity of the marital residence.

The father admitted that there are two vehicles at the home, but that he did not offer nor permit the wife to take one vehicle for her use or the daughter's use.

Husband admitted that he took the daughter to see where the wife's male friend lived, at which time the daughter became very upset when he smashed the windows of the wife's friend's truck. Husband indicated that he was very angry when he first became aware of the breakup of the family, but that his anger had subsided now.

Prior to the separation, husband acknowledged that he and his wife argued on a regular basis when the kids were not around, and that he was significantly upset with her but not tensed nor stressful.

Counsel for the husband argued that the exclusive possession was a harsh remedy, that the husband was the person most likely to maintain the stability of the family unit.

Counsel for the wife argued that the only reason the wife vacated the premises was that the husband told her to "get the hell out," and that the main concern of the court should be the best interest and welfare of the minor daughter. There is a possibility that if the minor daughter no longer resides in Shenango Township, that the school district would force her to pay tuition in order to complete her education at that school.

Counsel for the wife also argued that the husband was not willing to budge for the sake of the wife and daughter, that he was placing his welfare above that of his minor child.

Pursuant to 23 Pa.C.S. §3502(c), the court may award, during the pendency of the action or otherwise, to one or both of the parties the right to reside in a marital residence.

In *Laczkowski v. Laczkowski,* 344 Pa. Super. 154, 496 A.2d 56 (1985), the Superior Court of Pennsylvania specifically found that the court of common pleas had authority to temporarily award the marital residence, pending equitable distribution of marital property, to one spouse pursuant to the Divorce Code, section 3502(c). In *Laczkowski,* the factual situation is similar to the present situation, in that there was a minor child residing with the spouse requesting temporary possession of the marital property.

The *Laczkowski* opinion was a case of first impression in the Commonwealth of Pennsylvania, and the reason-

ing was based upon the reasoning in a New Jersey case of *DeGenaars v. DeGenaars,* 186 N.J. Supr. 233, 452 A.2d 222 (1982), and the case from Maryland of *Pitzenburger v. Pitzenburger,* 285 M.D. 20, 410 A.2d 152 (1980). The intent of and holdings of both *DeGenaars* and *Pitzenburger* is essentially that a possession of award is to give "special attention to the needs of minor children to continue to live in a familiar environment and to avoid uprooting the children from the home, school, social and community settings upon which they are dependant."

The husband's reason for wanting to continue to reside in the family home is to maintain the family unity.

However, it is apparent from the testimony presented in this case that that is not a likely outcome. Testimony established not only is the marriage irretrievably broken, but that the daughter, after living with the father for approximately one month, made the choice to remove herself from the marital residence in favor of living with her mother.

The person whose needs the court should clearly protect in this situation are the needs of the minor child, who is doing well at Shenango High School, getting excellent grades and participating in National Honor Society.

Accordingly, the court will enter the following order:

## ORDER

And now, February 5, 2007, after consideration of the testimony presented on the mutual petitions for exclusive possession of marital residence, the court enters the following order:

(1) Temporary possession of the marital residence situated at 326 Upper Boyd School Road, New Castle, Pennsylvania, is awarded to the plaintiff/wife, pending equitable distribution of marital property under section 3502(c) of the Divorce Code.

(2) The defendant/husband shall vacate the marital residence no later than 5 p.m., on Saturday, March 3, 2007.

(3) Both parties are instructed that the marital home shall remain in its current condition, without damage of any kind, perpetrated by either party, pending completion of equitable distribution proceedings in this case.

(4) The prothonotary shall properly serve notice of this order by regular mail or personal service upon counsel of record.