## Groff v. Groff

C.P. of Lancaster County, no. 3490 of 1991.

*Kevin Dolan,* for petitioner.
*Richard Katz,* for respondent.

KENDERDINE, *J.,* May 23, 1996—Before the court is the petition for special relief filed by Carl R. Groff, requesting exclusive possession of the marital residence of 528 Marietta Avenue, Borough of Mount Joy, Pennsylvania. The parties were married in 1970 and purchased their present home in late 1988. Miriam Groff acquired the down payment for the home and handled the household bills with the parties' joint income until the parties "separated" in August of 1991, when Mr. Groff assumed responsibility for paying the household bills. Mrs. Groff resided in Columbia, and later in Lancaster, for approximately a year shortly after the parties' separation while she was caring for an elderly woman. However, during that absence, she states she returned to the home "almost daily," although she slept elsewhere. Later in the separation, Mr. Groff filed a Chapter 13

bankruptcy due to a foreclosure action on a second mortgage. Under the bankruptcy plan, Mr. Groff has paid in excess of $20,000 in marital debt in addition to most household bills and the first mortgage. By arrangement between the parties, Mrs. Groff has been paying the electric bill for the last one and one-half years.

The parties agree that during the majority of their "separation," each has used separate and locked bedrooms in the same house and that the police have been dispatched to the home on several occasions, in response to calls from each of the parties in different incidents of quarrel, although neither has been charged with violent conduct.

Mrs. Groff filed a protection from abuse action in the summer of 1991, but later withdrew it. She filed another request for a protective order in March of 1996, resulting in a temporary order. After hearing, the court dismissed that action. Upon being served with that temporary order, however, Mr. Groff filed the instant special relief petition.

Mr. Groff does not allege abusive conduct by his wife toward him, nor does he maintain that her conduct is disruptive of his ongoing utilization of the marital residence. On the contrary, it is Miriam Groff who offered testimony asserting that her husband has been physically abusive toward her and that he engages in certain behaviors around the house "just to agitate me." However, as noted above, the court dismissed Mrs. Groff's most recent request for a protective order. The other aspects of Mrs. Groff's testimony which were accusatory toward Mr. Groff were her allegation of her husband's infliction of a concussion in 1991, being the basis for her subsequently withdrawn PFA action, and her allegation that she is "tired of being beaten on" by her husband, although such conduct was not

specifically described by her or given a date of alleged occurrence.

Instead of offering evidence of recognized criteria for the issuance of an exclusive possession order, Mr. Groff relies principally upon an economic justification for his request, citing his preservation of the home as a marital asset through compliance with the bankruptcy plan and by his long-term payment of nearly all of the household expenses during separation. While Mr. Groff did allege a "break-in" by his wife and removal of certain items of arguably marital property several years ago, that conduct was sufficiently explained by Mrs. Groff as entry into the marital residence after Mr. Groff had installed a new internal lock pin without her knowledge and her removal of personalty, which she believed to be her sole property, for storage at a relative's home, only to suffer the unexplained disappearance of those items from that third party's residence. Finally, the court notes that neither party herein is in a significantly better financial position to establish a separate residence and that the parties' adult son continues to reside in the marital home. That son testified that he is aware of numerous arguments, but no violent encounters, between his parents during their in-home separation, since 1991.

As observed by the Superior Court in *Laczkowski v. Laczkowski,* 344 Pa. Super. 154, 166-67, 496 A.2d 56, 62 (1985), "the exclusion of a spouse from the marital home during pendency of a divorce proceeding is a harsh remedy that will not be awarded cavalierly. The need for such an award must be clearly evident in the facts of each case." In the case at bar, the facts on which Mr. Groff relies are probative for an equitable distribution determination but are not of similar import to a decision concerning an exclusive possession request. Furthermore, the court notes that for over five years while the divorce action was pending, and much

closer to the incidents of alleged dissipation of assets on which he relies, Mr. Groff did not file this exclusive possession request. On the contrary, only upon Mrs. Groff's filing of a protection from abuse petition and while reciprocal exceptions to the divorce master's report were pending, did Mr. Groff file his special relief petition. Finally, the court observes that the current work schedules and customs of the parties result in their actually being present on the marital home premises contemporaneously for relatively brief periods each day, at least during the work week. Mr. Groff, in the construction field, leaves for work between 6:30 and 7 a.m. and returns between 4:30 and 5:30 p.m., whereas Mrs. Groff, now working night shift at a metal fabricator, begins work at 11 p.m. and concludes at 7:30 a.m.

Under the totality of the circumstances as discussed herein, no order for exclusive possession is legally justified. While it may well be preferable for the parties to decide for themselves that they will occupy separate residences, and likely should have done so years ago, the evidence presented does not merit a court-ordered eviction of one spouse just prior to the final phase of the parties' protracted divorce litigation. The court does parenthetically observe that the denial of the special relief petition also results in providing Miriam Groff adequate time to explore alternative housing arrangements in the event the recommendations of the divorce master ultimately are confirmed.

Accordingly, the following order is entered.

## ORDER

And now, May 23, 1996, defendant's request for exclusive possession is denied. Until further order of court, neither party, personally, or by agent, may sell, alienate, transfer, dispose of, dissipate and/or encumber assets of the marital estate, whether funds, realty or personalty, and regardless of whether titled individually or jointly.