CAVANAUGH, Judge.
This is an appeal from an order, entered pursuant to the Protection From Abuse Act,[1] which, based upon the finding that appellant-father abused one of his daughters, evicted father from the family residence and prohibited any contact or communication with the alleged victim, except for visitation authorized by court order. The primary question presented for our consideration is whether the trial court erred in permitting hearsay statements of the alleged victim, regarding the alleged abuse, to be admitted into evidence through the testimony of a case worker and a clinical therapist. We conclude that the court did err in admitting the hearsay statements of the alleged victim and vacate the trial court’s order.
On April 4, 1996, mother petitioned for a temporary protection from abuse order against father, alleging that he had sexually abused their five year old daughter.[2] A temporary order was issued by the trial court, evicting father from the marital residence, giving temporary custody to mother and prohibiting any contact between father and the alleged victim. The court entered the permanent order following a hearing on June 4, 1996. The alleged victim did not testify at this hearing. In addition to testimony of mother regarding suspicious actions of father involving the alleged victim, a Children and Youth Agency (“CYA”) case worker and a clinical therapist, both of whom had interviewed the alleged victim, testified regarding her description of the sexual abuse allegedly perpetrated by father. The court admitted these hearsay statements pursuant to 42 Pa. C.S.A. § 5985.1, which allows such evidence of sexual abuse in criminal proceedings, where the out-of-court statement was made by a child 12 years of age or younger.
Father testified at the hearing and denied the allegations of abuse. He maintained that there were reasonable explanations for his allegedly suspicious actions which mother had related; and he also alleged that mother had psychological problems which affected her perception of his actions. Father also brought out at the hearing, during cross-examination of the CYA caseworker, that CYA had initially determined that the case *234 was “unfounded” because the alleged victim’s consistency and credibility could not be established. Additionally, in discussing the alleged victim’s statements to him, the clinical therapist who testified at the hearing described her demeanor as follows, “She was almost offhand about it. As if it was something she needed to do to get what she wanted, which was the cupcake.”[3]
At the conclusion of the hearing, the court determined that the alleged victim had been sexually abused by father. The court entered a permanent order which evicted father from the family home and prohibited any contact or communication between father and the alleged victim. Father filed a motion for reconsideration which was denied. This appeal followed.
Appellant’s primary contention on appeal is that the court erred in permitting the alleged victim’s hearsay statements to be admitted into evidence under the Child Victims and Witnesses Act, specifically 42 Pa. C.S.A. § 5985.1, because this section only applies to criminal prosecutions and not protection from abuse proceedings.
§ 5985.1 provides:
(a) General rule. — An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing indecent contact, sexual intercourse or deviate sexual intercourse performed with or on the child by another, not otherwise admissible by statute or rule of evidence, is admissible evidence in any criminal proceeding if:
(1) The court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability.
(2) The child either:
(i) testifies at the proceeding; or
(ii) is unavailable as a witness and there is corroborative evidence of the act.'
42 Pa.C.S.A § 5985.1(a) (emphasis added).[4]
Despite the explicit language of § 5985.1 limiting its application to criminal proceedings, the trial court admitted the alleged victim’s hearsay statements under this section. In doing so, the court cited L.W.B. v. Sosnowski, 117 Pa.Cmwlth. 120, 543 A.2d 1241 (1988) for the proposition that the Child Victims and Witnesses Act, 42 Pa.C.S.A. § 5981-5988, is “[d]irected primarily, although not exclusively, to criminal prosecution proceedings.” Id. at 130, 543 A.2d at 1245. The trial court also cited Laczkowski v. Laczkowski, 344 Pa.Super. 154, 496 A.2d 56 (1985), which noted that a protection from abuse proceeding is quasi-criminal in nature. Id. at 166, 496 A.2d at 62. Based upon these cases and the unique problems of proof in child abuse cases, the trial court ruled that § 5985.1 is appropriately applied to protection from abuse proceedings.
After reviewing the Child Victims and Witnesses Act, the Protection From Abuse Act, the intent of the legislature in enacting each, and the pertinent case law, we conclude *235 the trial court erred in admitting the alleged victim’s hearsay statements under § 5985.1. The legislature, in enacting the Child Victims and Witnesses Act, declared:
In order to promote the best interests of the children of this Commonwealth and in recognition of the necessity of affording to children who are material witnesses to or victims of crimes additional consideration and different treatment from that of adults, the General Assembly declares its intent, in this subchapter, to provide these children with additional rights and protections during their involvement with the criminal justice system. The General Assembly urges the news media to use restraint in revealing the identity or address of children who are victims of or witnesses to crimes.
42 Pa.C.S.A. § 5981 (emphasis added).[5]
The clear language of § 5981 indicates that the legislature intended the Act to apply only in criminal proceedings. Although the alleged victim’s allegations of sexual abuse, if proven at a criminal trial, would constitute criminal offenses, it is clear that the legislature contemplated that the provisions of the Act would apply, unless otherwise indicated in a specific provision, only where criminal charges are filed and where a criminal proceeding takes place. See 1 Pa.C.S.A. § 1921 (object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly).
The Commonwealth Court’s decision in L.W.B., wherein the court noted the Act applied primarily, though not exclusively, to criminal proceedings, does not require a result contrary to the one we have reached. In L.W.B., father filed a petition for expungement of an indicated report of child abuse. The court' allowed hearsay statements of the-child to be conveyed by a case worker. These statements were admitted pursuant to 42 Pa.C.S.A. § 5986, which provides for hearsay statements of a child describing acts of sexual abuse to be admitted in dependency proceedings initiated under 42 Pa.C.S.A. § 6301 et seq. (relating to juvenile matters). The court reasoned that § 5986 should be extended to expungement cases involving child abuse because of the unique problems of proof posed by such eases.
In L.W.B. the allegations of abuse first surfaced during a custody hearing. The trial judge notified Children and Youth Services (“CYS”) which began an investigation. The CYS investigation resulted in an indicated report — that there existed substantial evidence of the alleged abuse. Pursuant to the Child Protective Services Law, 11 P.S. § 2201-2224,[6] a central statewide registry is maintained of all “founded” and “indicated” reports of child abuse. It was the indicated report of abuse contained in this registry which father sought to have expunged. At the expungement hearing, the CYS case worker who investigated the allegations was permitted to testify regarding the child victim’s statements describing her father’s actions. As noted, the Commonwealth Court upheld the admission of the child’s hearsay statements by extending the rule codified at 42 Pa.C.S.A. § 5986 to child abuse expungement cases.
L.W.B. neither requires nor supports the admission of the child’s hearsay statements in the present case. The administrative proceeding in L.W.B. was merely to consider the removal of petitioner/father’s name from the statewide registry which catalogued founded and indicated reports of abuse. Father did not face the possibility of incarceration nor did the expungement proceeding entail any formal adjudication regarding the child victim’s allegations. Neither were father’s rights to custody and visitation adversely affected by the proceeding. Moreover, the information cataloged pursuant to the Child Protective Services Law is not available to *236 the general public, but rather, is only available to select individuals and entities as provided by statute. Thus, a petitioner in an expungement proceeding does not face the same potentially adverse consequences as does father in the present case. Finally, we note the court in L.W.B. specifically stated that its extension of § 5986 was confined to child abuse expungement cases.[7]
We also reject the trial court’s reliance on this Court’s statement in Laczkowski that protection from abuse proceedings are quasi-criminal in nature. “The Protection From Abuse Act was not, nor was meant to be, a statute penalizing past criminal conduct.” Snyder v. Snyder, 427 Pa.Super. 494, 501, 629 A.2d 977, 981 (1993). “Rather, the primary goal of the act is not retrospective punishment but ‘advance prevention of physical and sexual abuse.’” Id. In view of the explicit language of § 5985.1 limiting application of the rule to criminal proceedings, the legislature’s clear intent in enacting the Child Victims and Witnesses Act to protect children during their involvement with the criminal justice system, and the fact that proceedings under the Protection From Abuse Act are not criminal proceedings as contemplated by the Act, we conclude that the trial court erred in admitting the hearsay statements of the alleged victim.
We recognize the problem of proof in such cases, but are reluctant to expand a rule which has been specifically designated, by the legislature, as only applying to criminal proceedings. We also harbor great concern in expanding § 5985.1 to apply in a proceeding in which a parent may be subject to severe sanctions, such as removal from his home and prohibition from contact with his children. This is especially troublesome as such a sanction may be applied in the absence of a formal criminal adjudication of guilt and based on a burden of proof far below the standard of beyond a reasonable doubt. If § 5985.1 is to be expanded, the proper forum for such is the legislature.[8]
Order reversed.[9]
BECK, J. concurs in the result.

. 23 Pa.C.S.A. § 6101.

. The parties also have a seven year old daughter.

. The therapist also testified that when he first met with the alleged victim, she asked him about the cupcakes. He replied that was his secret, but he would tell her if she told him her secret (referring to the alleged instances of abuse by father).

. We note that portions of the Child Victims and Witnesses Act were amended December 18, 1996, after the trial court's order was entered in this case, to reflect the passage of an amendment to Article I, Section 9 of the Pennsylvania Constitution, which changed the rights of persons accused of crimes to confront witnesses against them and allowed the General Assembly to enact laws regarding the manner in which children may testify in criminal proceedings. Although § 5985.1 was amended, the language of § 5985.1(a) remains essentially the same and is identical in scope and effect.
We further note that the Commonwealth Court, in Bergdoll v. Kane, 694 A.2d 1155 (Pa.Cmwlth. 1997), held that the constitutional amendment, pursuant to which the Act was amended, was unconstitutional. The Court’s holding was based on the fact that the ballot question improperly placed before the voters two constitutional amendments with a single question. The court did not review or otherwise comment upon the substantive provisions of the Act. In any event, because the pertinent portion of § 5985.1 predated the passage of the constitutional amendment, neither it nor the Commonwealth Court’s subsequent decision in Bergdoll affects our review or resolution of the present case.

. As noted supra, the Act was amended by the General Assembly following an amendment to the Pennsylvania Constitution. The change to § 5981 consisted of little more than the addition of language to reflect the General Assembly’s intent to implement the constitutional amendment which the Commonwealth Court later declared unconstitutional in Bergdoll.

. The Child Protective Services Law was repealed in 1990. The subject matter of the Act has, however, been recodified at 23 Pa.C.S.A. § 6301 et seq. and is still entitled the Child Protective Services Law.

. We note that our supreme court effectively modified the Commonwealth Court's holding in L.W.B. in A.Y. v. Com., Dept. of Public Welfare, 537 Pa. 116, 641 A.2d 1148 (1995). In A.Y. the court held that uncorroborated hearsay cannot satisfy the administrative agency's burden in proceeding to expunge the name of a suspected child abuser from the child abuse registry unless: the statement was accurately recorded by audio or video equipment; the audio-visual record discloses the identity and at all times included the names and/or voices of all persons present during the interview of the minor; and the statement was not made in response to questioning calculated to lead the minor to make a particular statement and was not the product of improper suggestion. Id. at 126, 641 A.2d at 1153.

. We are especially concerned by the failure of the alleged victim to testify in this case. As noted, CYA initially concluded the allegations of abuse were unfounded and the testimony of the clinical psychologist cast some doubt as to the alleged victim’s statements.
Additionally, it is disputed whether the trial court conducted an in camera hearing, pursuant to § 5985.1(a)(1), to determine whether the time, content and circumstances of the alleged victim’s statements provided sufficient indicia of reliability. A review of the record gives no indication of whether or not such a hearing was, in fact, held. Moreover, there is no explanation why the alleged victim did not testify and whether or not she was available as a witness.
We also note that mother apparently suffered from psychological problems and was allegedly taking Prozac. The admissibility of these facts regarding mother are at issue between the parties. Although we make no determination as to admissibility at this time, we note that our concern, at the use of the alleged victim’s hearsay statements, is heightened in view of these apparent weaknesses in the case against father.

.Due to our disposition of the issue regarding admissibility of the alleged victim's hearsay statements, it is unnecessary for us to review father's remaining allegations of error.