Duzgun v. Duzgun

*Kimberly Giombetti,* for plaintiff.
*Kimberly Fedrigon,* for defendant.

ZULICK, *J.,* September 29, 2005—This case comes before the court on Wife's request for exclusive possession of the marital residence. Wife filed this divorce action on March 10, 2005, and filed a petition for exclusive possession of the home on June 20, 2005. A rule returnable was issued on the petition; Husband filed an answer on July 11, 2005, and the matter was scheduled for hearing on September 1, 2005. That date was continued to September 23, 2005, when the parties appeared before the court for a hearing.

## FINDINGS OF FACT

(1) Plaintiff, Concettina Duzgun, (Wife), and defendant, Ercan Duzgun, (Husband), were married on February 8, 1988, in New York.

(2) Two children were born of their marriage, John Ali Duzgun, born March 25, 1994, now 11 years of age, and Isabella Duzgun, born April 20, 1998, now 7 years of age.

(3) The parties are the owners of a home at 150 Mattiola Road, Bartonsville, Pennsylvania, where they have resided as a family since 1992.

(4) For the past year, Husband has been sleeping in the basement of the home, and Wife has been sleeping upstairs.

(5) Husband is an independent contractor driving a route for Federal Express. In 2004, he had gross income of $96,956, but after deduction of business expenses, he netted $34,672.

(6) Husband recently hired another driver to cover this route for him to allow Husband to obtain a job as a correctional officer for the Monroe County Correctional Facility. He will earn less at this job than he earns driving for Federal Express but will receive full health benefits for himself and his family. He expects to begin that job in early October and will be on the 12 midnight-8 a.m. shift, which he believes will allow him to spend more time with his children.

(7) Wife is a certified nurses aide, who until recently was employed by the Visiting Nurses Association on a part-time basis. She left that job to obtain medical coverage for herself and her family, and now is working for the Pleasant Valley School District in a full-time job earning $12,800 per year. She hopes to return to the V.N.A. position on a full-time basis where she will earn $18,000 per year and have health insurance for herself but not her children.

(8) Wife spends most of her time in the home in her bedroom upstairs. Husband is spending most of his time in his bedroom in the basement. The parties share the kitchen but they try not to use it at the same time. Husband comes upstairs to use the shower because "he has no shower curtain" on his shower.

(9) Wife has brought this petition for the following reasons:

(a) living in the same household while going through the divorce action creates an emotional strain for her;

(b) she has heard Husband talking to a girlfriend on the telephone which causes her anxiety;

(c) she believes that Husband speaks inappropriately to the children about the parties' marital problems.

(10) Husband pays the mortgage on the property which is a home equity loan with a principal balance of approximately $40,000 and monthly payments of interest only of $210. Husband also pays the electric bills and, in the past, has paid for oil delivery.

(11) Husband is paying for food and pays for the children's medical expenses not covered by insurance.

(12) Wife pays for her own cell phone bill and the household telephone bill. She also buys food for the house and buys the children's clothing.

(13) Neither party has been violent toward the other, nor has either party threatened violence toward the other.

(14) Wife cleans the portion of the house that she is using. Husband maintains the grounds of the property and the exterior of the home. Husband has also been keeping his living area of the home clean in recent months.

## DISCUSSION

The Pennsylvania Divorce Code provides in 23 Pa.C.S. §3502(c), as follows:

"(c) *Family home*—The court may award, during the pendency of the action or otherwise, to one or both of the parties the right to reside in the marital residence."

The predecessor of this provision of the Divorce Code was considered in the case of *Laczkowski v. Laczkowski,*

344 Pa. Super. 154, 496 A.2d 56 (1985), there the trial court awarded possession of the marital home to wife before the entry of the divorce decree. In the *Laczkowski* case, wife and her minor daughter were forced to move out of the family home due to the husband's harassment, mental cruelty, intimidation, and threats of violence. The Superior Court stated:

"The equitable powers of the courts under our Divorce Code are extremely broad, and since the Code unequivocally recognizes the right of one spouse to live in the family residence after divorce, there is no discernible reason for precluding such an award in a pendente lite situation. While our decision may appear to have wide reaching ramifications, we are mindful that the exclusion of a spouse from the marital home during the pendency of a divorce proceeding is a harsh remedy that will not be awarded cavalierly. The need for such an award must be clearly evident in the facts of each case." *Id.* at 166-67, 496 A.2d at 62.

The *Laczkowski* decision was decided in 1985. Since that time, our appellate courts have not addressed the propriety of the removal of a spouse from the family home pursuant to 23 Pa.C.S. §3502(c). Perhaps this is because disputes between spouses over possession of the family home which escalate to an episode of abuse as defined in the Protection from Abuse Act, 23 Pa.C.S. §6102, are commonly addressed in protection from abuse proceedings.

Here there is no allegation of spousal or child abuse. The parties are separated but living under the same roof. They have reached an accommodation—Wife sleeps upstairs in her bedroom and Husband sleeps downstairs

in the basement. They have worked out financial arrangements with Husband paying the mortgage, electricity, oil bills and a portion of the food expenses. Wife pays for her own telephone bills, some of the food expenses and occasionally heating expenses. Wife pays for the children's dental bills and Husband pays for medical bills.

Wife's primary complaints are that Husband occasionally talks on the telephone with his girlfriend in the presence of Wife and the children. She also states that the tension in the household is causing the parties' son, age 11, to be depressed and despondent.

Husband counters that because he is in the home he is able to participate more fully in his children's lives and that their son is usually in a good mood, and participates in soccer and other sports.

Wife admitted that she has not taken their son to a psychiatrist or psychologist or to the school guidance counselor. She also stated that Husband has been contributing to household bills and has been keeping his area of the house clean.

Both parties testified that they did not have significant savings that would make it easy for them to find new housing. The only asset of significant value in the divorce is the house itself. While Husband is earning a higher salary than Wife, he has been paying the bulk of the household bills. Neither party has the financial ability to easily afford a separate residence. Wife suggested that Husband keeps large amounts of cash. However, this was not proven.

I do not find that Wife has established a clear need to exclude Husband from the residence. I recognize that

there is tension in the household due to the fact that the marriage is ending and the parties are separated while living under the same roof. To avoid further conflict, Husband should minimize his contact with wife, take his showers downstairs and use the kitchen when Wife is not there. His telephone calls should be made in the privacy of his room. If he does not heed this advice, and the situation worsens, Wife may have a remedy under the law.

## CONCLUSIONS OF LAW

(1) Wife has failed to meet her burden of proof in her request to exclude Husband from the parties' jointly owned home.

## ORDER

And now, September 29, 2005, following a hearing, it is ordered that Wife's petition for exclusive possession of the marital home is denied.