**Hampton v. Hampton**

434

C.P. of Blair County, no. 2009 GN 4074.

*Gerald M. Nelson*, for plaintiff.
*Suzanne Bigelow-Cherry*, for defendant.

CARPENTER, *P.J.*, November 10, 2010—This matter comes before the court for determination of wife's request for exclusive occupancy of the parties' residence. A hearing was held to a conclusion on September 9, 2010.

Briefs were received on September 20, 2010, on behalf of wife and October 6, 2010, on behalf of husband. The matter is presently ready for determination.

Both parties concede the court's ability to award exclusive occupancy on a temporary basis. See generally *Laczkowski v. Laczkowski*, 496 A.2d 56 (Pa. Super. 1985). The *Laczkowski* case (and the line of Pennsylvania cases following *Laczkowski*) have consistently affirmed the ability of courts under 23 Pa.C.S.A. Section 3502(c) as follows:

(c) Family home.—The court may award, during the pendency of the action or otherwise, to one or both of the parties the right to reside in the marital residence.

Beyond the clear expression in the statute, however, there is precious little guidance as to when such an award is appropriate. Traditionally, this court has looked to 23 Pa.C.S.A. 3102 for guidance where exclusive possession is concerned. That section highlights the intent of the Divorce Code as follows:

Section 3102. Legislative findings and intent

(a) Policy.—The family is the basic unit in society and the protection and preservation of the family is of paramount public concern. Therefore, it is the policy of the Commonwealth to:

(1) Make the law for legal dissolution of marriage effective for dealing with realities of matrimonial experience.

(2) Encourage and effect reconciliation and settlement of differences between spouses, especially where children are involved.

(3) Give primary consideration to the welfare of the family rather than the vindication of private rights or the punishment of matrimonial wrongs.

(4) Mitigate the harm to the spouses and their children caused by the legal dissolution of the marriage.

(5) Seek causes rather than symptoms of family disintegration and cooperate with and utilize the resources available to deal with family problems.

(6) Effectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties and insure a fair and just determination and settlement of their property rights.

(b) Construction of part.—the objectives set forth in subsection (a) shall be considered in construing provisions of this part and shall be regarded as expressing the legislative intent.

In applying this section to the subject of exclusive possession, we have paid special attention to the facts of a particular situation to deal with the realities of matrimonial experience, the welfare of the family rather than the vindication of private rights or punishment of matrimonial wrongs, and the impact of such an award on the family generally (and children specifically.) Of

course, we also acknowledge the need to effectuate economic justice. We have also been mindful that exclusive possession should be treated as special relief and not awarded routinely. All of these standards are important to the resolution of this particular case.

Based on the testimony, there seems little question that these parties are headed for a divorce (the wife filed a divorce complaint on October 30, 2009). There is no discussion of reconciliation. Indeed, the parties speak to each other only when they have to. As the husband put it, he does not do much more than eat, sleep, and shower at the residence. If removed, he would likely buy or rent another home. He describes no particular tension between himself and his wife.

The wife testified she is driven to divorce because she cannot live with the husband's drinking. She describes the situation in the home as "very tense." She agrees with the husband the parties do not speak and that he is gone most of the day. She claims he does little or nothing around the house. She was sufficiently disgusted with the situation that she left the home this past year for approximately four months. She returned home based on a belief the husband would curtail his drinking and attempt to salvage this thirty-year-old marriage. Apparently, that attempt was unsuccessful. She concedes she rarely sees her husband in the home and that he sleeps on the couch. Her main concerns now are his comings and goings at all hours.

Historically, the wife "leaving" has been her long

standing response to his behaviors. She has moved out numerous times. She believes at this juncture he should go because the husband has inconvenienced her "enough." Essentially, those are the facts.

Measured against the legislative intent contained in the Divorce Code it seems to us exclusive possession should be denied in this instance. In so holding, we believe to award the marital home essentially requires our adopting "the vindication of private rights for the punishment of matrimonial wrongs" claimed by the wife.

In this case, there are no minor children involved. Further, we see no real harm to the parties from awarding the home to both of them at the present time. Each party has the demonstrated financial ability to move if they choose. We believe that is the appropriate action by either party who wish to live separately rather than evicting one of them. Of course, the husband has already had a period of what amounted to exclusive possession when the wife vacated for four months. She noted the place was "a mess" when she returned. This is not, however, a basis to award exclusive possession. The fact is the bills are currently being paid (although slowly at times) under the existing situation. No one is claiming there is any physical abuse or special circumstances which favor one spouse or the other in terms of their actual need for the marital home. Under these circumstances, to grant what we view as extraordinary relief would do no more than vindicate the wife's grievances. Exclusive possession should not be used for that purpose.

Accordingly, and consistent with the above, it is ordered, directed and decreed that the petition for special relief in this case is denied.